# Richmond

## Anthony Boyd v. Commonwealth of Virginia.

June 12, 1972.

Record No. 7894.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*Michael Morchower*, for plaintiff in error.

*Burnett Miller, III, Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

Anthony Boyd was indicted for possession and distribution of heroin. The offense occurred on October 26, 1970. A jury found Boyd guilty as charged in the indictment and fixed his punishment at confinement in the state penitentiary for a term of 15 years. Judgment was entered in accordance with the jury's verdict. We granted Boyd a writ of error.

The issue before us is whether the trial court erred in admitting evidence of two prior sales of heroin.

Officer M. W. Branscome of the Richmond City Police Department testified that Boyd sold him two capsules containing heroin on October 26, 1970. Over defendant's objection, Branscome was permitted to testify that he witnessed two previous sales of heroin by Boyd. These sales took place a few days before October 26, 1970.

The trial court instructed the jury that the evidence of the commission of prior offenses may not be considered as evidence of guilt

of the offense charged, but "may be considered by the jury as bearing on the issue of whether the prior offenses constituted part of a general scheme, of which the crime charged is a part."

Generally, evidence of prior criminal conduct is not admissible except under well defined circumstances. *Kirkpatrick* v. *Commonwealth*, 211 Va. 269, 176 S.E.2d 802 (1970). The prior sales of heroin were unrelated to the October 26 sale. Hence, the evidence concerning the prior sales does not fall within an exception to the general rule. Its prejudicial effect outweighed its probative value. Therefore, we hold that the evidence of prior sales was not admissible.

*Reversed and remanded.*