## Richmond

DEAN MASON SATTERFIELD

v.

COMMONWEALTH OF VIRGINIA

No. 1202-89-2

Decided March 5, 1991*

---

* Petition for rehearing granted April 24, 1991.

COUNSEL

Charles C. Cosby, Jr. (Andrea C. Long; Boone, Beale, Carpenter & Cosby, on brief), for appellant.

Linwood T. Wells, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General; Richard A. Conway, Assistant Attorney General, on brief), for appellee.

OPINION

**KOONTZ, C.J.**—In a jury trial on July 19, 1989, Dean Mason Satterfield, appellant, was convicted of possession of cocaine with intent to distribute and sentenced to twenty years imprisonment and fined $25,000. The sole issue on appeal is whether the trial court erred in allowing the Commonwealth to introduce into evidence portions of Satterfield's statement which referred to past drug dealings. We hold that the trial court erred by admitting into evidence those portions of Satterfield's statement that referred to prior drug sales.

On December 2, 1988, narcotics agents of the Southside Regional Task Force stopped and searched Satterfield in South Boston after receiving information that he would be dealing drugs at the Hardee's Restaurant. Upon searching Satterfield, the agents found .78 grams of cocaine in three foil packets in the bottom of a pack of cigarettes he was carrying. Satterfield was arrested and transported to the police station where he was advised of his *Miranda* rights. After executing a waiver of rights form, Satterfield made an oral statement to the police admitting he had purchased the cocaine and had intended to resell it.

At trial, the Commonwealth put on evidence of Satterfield's statement by having one of the agents who received the statement testify. The agent testified: "He said that he purchased the three packets of cocaine from a black male driving a light blue Thunderbird. . . . And that he was going to resell the three packets that he had purchased for twenty dollars each, he was going to resell them for twenty-five dollars each . . . . [H]e further stated

that he had spent a lot of money in the past several months with this individual and that the most that he had bought. . . ." Defense counsel objected and had the court note his continuing objection. The trial court overruled the objection. The agent then further testified that "the most that he [Satterfield] had purchased from him at any one time was five hundred dollars and he had resold it for one thousand dollars."

 Satterfield contends the trial court should have excluded from evidence the portions of his statement pertaining to prior drug dealings. The law regarding exclusion from evidence of other crimes has been frequently recited under various circumstances. As a general rule in a criminal prosecution, evidence that shows the defendant has committed other crimes is inadmissible for the purpose of proving the defendant committed the crime charged, even though the other crimes are of the same nature. *E.g.*, *Donahue v. Commonwealth*, 225 Va. 145, 155, 300 S.E.2d 768, 773 (1983); *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). However, well established exceptions to that rule allow evidence of other crimes to be admitted if it is connected with the charged offense or if "it tends to prove any relevant element of the offense charged," such as intent or motive. *Kirkpatrick*, 211 Va. at 272, 176 S.E.2d at 805; *accord Donahue*, 225 Va. at 155, 300 S.E.2d at 773; *Barber v. Commonwealth*, 5 Va. App. 172, 180, 360 S.E.2d 888, 891-92 (1987). These exceptions are qualified by the test of whether "the legitimate probative value outweighs the incidental prejudice to the accused." *Hawks v. Commonwealth*, 228 Va. 244, 247, 321 S.E.2d 650, 652 (1984)(quoting *Lewis v. Commonwealth*, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983)); *accord Boyd v. Commonwealth*, 213 Va. 52, 53, 189 S.E.2d 359, 360 (1972); *Barber*, 5 Va. App. at 180, 360 S.E.2d at 892.

The Commonwealth argues that since Satterfield's possession of cocaine was not in dispute, the only fact in issue was whether Satterfield intended to distribute the cocaine and therefore the evidence of prior cocaine dealings was properly admitted to show intent. Further, the Commonwealth argues appellant is not entitled to delete probative portions of an otherwise admissible confession. While we may agree that appellant is not entitled to delete probative portions of an otherwise admissible confession, *see Fleenor v. Commonwealth*, 200 Va. 270, 105 S.E.2d 160 (1958);

*Pierce v. Commonwealth*, 2 Va. App. 383, 345 S.E.2d 1 (1986), we do not reach that issue here since we find the portions of Satterfield's statement pertaining to other drug dealings were not otherwise admissible.

Though the Virginia Supreme Court has been willing to allow evidence of other crimes to prove intent or motive, *see Scott v. Commonwealth*, 228 Va. 519, 323 S.E.2d 572 (1984), the Court has repeatedly found evidence of prior drug transactions inadmissible in cases concerning the sale of drugs or possession of drugs with the intent to sell. *See Donahue*, 225 Va. 145, 300 S.E.2d 768; *Eccles v. Commonwealth*, 214 Va. 20, 197 S.E.2d 332 (1973); *Boyd*, 213 Va. 52, 189 S.E.2d 359. In *Boyd*, the Court found the defendant's heroin sales two days prior to the heroin sale for which he was tried were unrelated. Therefore, the Court held the evidence of the prior sales was inadmissible since it did not fall within an exception to the general rule and its prejudicial effect outweighed its probative value. 213 Va. at 53, 189 S.E.2d at 359-60.

The issue presented here is similar to that presented in *Donahue*. In *Donahue*, the defendant was convicted of possession of phencyclidine (PCP) with intent to distribute. The Commonwealth put on evidence of the defendant's drug dealings from about a month and a half earlier, including her confession that she had been selling PCP. The trial court gave the jury limiting instructions explaining that the evidence of the defendant's prior drug dealings was admitted for the purpose of proving intent or knowledge but not to show she was guilty of the crime charged. The Court reversed the conviction after holding that none of the *Kirkpatrick* exceptions were applicable and that their decision in *Boyd* was controlling. *Donahue*, 225 Va. at 156, 300 S.E.2d at 774. The Court stated: "Since we have no way of knowing the effect the court's admission of testimony as to defendant's prior criminal acts . . . had upon the minds of the jury, we cannot say that the error was not prejudicial." *Id.* at 156, 300 S.E.2d at 774.

In the present case, Satterfield's admitted prior drug dealings and the cocaine possession for which he was being tried were unrelated except for his source of the cocaine. There was no evidence or assertion that the crimes were part of a scheme or otherwise connected. Also, since Satterfield admitted he intended to sell the cocaine, the probative value of the evidence of prior crimes is

greatly diminished and outweighed by the prejudicial effect of that evidence. For these reasons and consistent with our view of the prevailing Supreme Court decisions, we hold that the evidence of Satterfield's prior drug dealings was not admissible. Accordingly, the judgment below is reversed.

*Reversed.*

Benton, J., concurred.

Cole, J., dissenting.

I respectfully disagree with the majority's finding that a part of defendant's statement was inadmissible.

After his arrest, Satterfield made a voluntary statement to the police. The officer's testimony at the suppression hearing and at trial was as follows:

> We asked him about where he was getting the drugs from and he stated that he was getting his drugs from a black male but that he didn't know the name. And he stated that he had gotten three quarter grams for twenty dollars each and was going to resell them for twenty-five dollars each, *and also that he spent a lot of money with his supplier in the past several months.*
>
> *The most that he had purchased at any one time within the past two months was five hundred dollars worth which he resold for one thousand dollars.*

(emphasis added).

Satterfield moved to suppress that part of the statement which is italicized. He relied upon *Boyd v. Commonwealth*, 213 Va. 52, 189 S.E.2d 359 (1972), *Eccles v. Commonwealth*, 214 Va. 20, 197 S.E.2d 332 (1973), and *Donahue v. Commonwealth*, 225 Va. 145, 300 S.E.2d 768 (1983), to support his position. In response, the Commonwealth argued that the italicized part of the statement was closely connected to the offense charged and that the statement in its entirety should be admitted in evidence. It maintained that *Scott v. Commonwealth*, 228 Va. 519, 323 S.E.2d 572 (1984), controlled, not *Boyd*, *Eccles* and *Donahue*, since the latter three cases involved separate drug transactions unrelated in any

way with the offenses charged. The Commonwealth further contended that the italicized part of the statement was relevant and material to prove "intent to distribute" because it showed the defendant's motive, method and intent.

The trial court refused to suppress any part of the defendant's statement. The majority finds that the trial court erred in its holding. I disagree.

In *Scott*, the Supreme Court clearly set forth the principles controlling this case:

> Where a course of criminal conduct is continuous and interwoven, consisting of a series of related crimes, the perpetrator has no right to have the evidence "sanitized" so as to deny the jury knowledge of all but the immediate crime for which he is on trial. The fact-finder is entitled to all of the relevant and connected facts, including those which followed the commission of the crime on trial, as well as those which preceded it; even though they may show the defendant guilty of other offenses. Evidence of such connected criminal conduct is often relevant to show motive, method, and intent. Indeed, it may be the only way in which such matters may be shown, as was the case here. Even where another crime is not inextricably linked with the offense on trial, it may nevertheless be proved if it shows the conduct and feeling of the accused toward his victim, his motive, intent, plan or scheme, or any other relevant element of the offense on trial.

> The general rule excluding evidence of "other crimes" extends only to crimes which are unrelated to those on trial, and which are offered solely for the purpose of showing that the accused was a person of such character as to be a likely perpetrator of the offense charged. If the evidence of other conduct is connected with the present offense, or tends to prove any element or fact in issue at trial, it should be admitted, whether or not it tends to show the defendant guilty of another crime.

228 Va. at 526-27, 323 S.E.2d at 577 (citations omitted).

After receiving information from a reliable informant, the police went to the reported location, a Hardee's Restaurant, and

found the defendant. They searched him and found three foil packets containing cocaine hidden on the bottom of a cigarette package under the cigarettes. The defendant admitted to the officers that he was offering the cocaine for sale.

The Commonwealth was required to prove that Satterfield possessed the cocaine with intent to distribute it, and to do so asserted that the defendant was in the business of selling cocaine. In the statement, Satterfield said his supplier was a black male, that he had purchased from his supplier the three packets found and was going to sell it for a profit, that he had been buying from this supplier for several months, and that he had purchased within the past two months $500 worth of cocaine and resold it for $1,000. These facts amounted to nothing more than an explanation of the defendant's business and were closely connected to the offense charged.

In *Scott*, the Supreme Court said that "[w]here a course of criminal conduct is continuous and interwoven, consisting of a series of related crimes, the perpetrator has no right to have the evidence 'sanitized.'" 228 Va. at 526, 323 S.E.2d at 577. Since the defendant's statement described a continuous and interwoven series of related crimes, he was not entitled to have the statement sanitized by striking the disputed part. Since the statement was relevant to prove the defendant's motive, method and intent in possessing the cocaine, I would find it admissible in its entirety.

*Boyd*, *Eccles*, and *Donahue*, relied upon by the majority, are cases in which the prior drug sales were separate and apart from the charged offense. Therefore, evidence of the prior sales was inadmissible.

Since I find that the trial court was correct in admitting the entire statement in evidence, I cannot join in the majority opinion. I would affirm the judgment of the trial court.