## Richmond
DEAN MASON SATTERFIELD

v.

COMMONWEALTH OF VIRGINIA

No. 1202-89-2

Decided June 9, 1992

COUNSEL

Charles C. Cosby, Jr. (Andrea C. Long; Boone, Beale, Carpenter & Cosby, on brief), for appellant.

Linwood T. Wells, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

## UPON HEARING EN BANC

OPINION

MOON, J.—We granted an en banc hearing to the Commonwealth from a panel decision, *Satterfield v. Commonwealth*, 12 Va. App. 24, 401 S.E.2d 887 (1991), which reversed Dean Mason Satterfield's conviction of possession of cocaine with the intent to distribute. We hold that the trial court did not err in allowing the Commonwealth to introduce into evidence Satterfield's entire statement to the police in which he admitted that, not only did he purchase the cocaine in question for the purpose of distribution, he also previously had purchased drugs from the same individual and resold them at a profit. For this reason, we affirm the conviction.

Satterfield's statement responded to the inquiry about the cocaine he possessed and was his way of explaining that he intended to distribute the cocaine he was charged with possessing. Satterfield was explaining, in effect, that he had acquired and was

holding this cocaine for sale just as he had on other occasions. Although Satterfield's statement referred to prior drug offenses, the reference was highly relevant because it tended to prove the element of intent for this crime. Additionally, Satterfield's voluntary statement pertaining to where he obtained the drugs was such an integral part of the Commonwealth's proof that it could not be excised without changing the nature and character and probative value of the statement. The "other crimes" aspect of the statement is inextricably part of the probative value of the evidence because it tended to prove an essential element of the offense. Because Satterfield contended the officer's account of his statement was untrue or inaccurate, the fact that the officer could provide additional relevant details which Satterfield included in the statement is probative of whether the officer's testimony was believable, reliable, and accurate in recounting what Satterfield said.

On December 2, 1988, Investigators L.K. Roark, R.D. Loftis, Jr., and Officer Fowler were in South Hill, Virginia when they received information from a confidential informant that Satterfield would be dealing cocaine later that night near the Hardee's Restaurant in South Boston. Satterfield was reported to be driving a gray Thunderbird.

The officers proceeded to the location of the restaurant and observed Satterfield driving a gray Thunderbird. The officers stopped his vehicle and searched him, at which time they recovered from him three foil packets containing cocaine in a cigarette package. The cocaine weighed .78 grams.

The officers arrested Satterfield and advised him of his *Miranda* rights at the police station. After he executed a waiver of rights form, Satterfield made an oral statement to three police officers. After making the statements, he invoked his right to an attorney and the interrogation ceased. None of the officers wrote down what Satterfield said until December 6, 1988, four days after the arrest.

The officer who wrote down Satterfield's statement, R.D. Loftis, and another officer, L.K. Roark, testified to it as follows:

We ask him (Satterfield) about where he was getting the drugs from and he stated he was getting the drugs from a black male but he didn't know the name. *And he stated that*

*he had gotten three-quarter grams for $20 each and was going to sell them for $25 each, and also that he spent a lot of money with his supplier in the past several months.*

*The most he had purchased at any one time within the past two months was $500 worth which he resold for $1,000.*

At trial, Satterfield's strategy was to convince the jury that he was not a drug "distributor," but was himself a victim of drug addiction who merely used drugs or, at most, was forced to sell small amounts of cocaine to acquire drugs to satisfy his addiction. He presented evidence to show that the officers misunderstood or were confused about his admission that he intended to sell the drugs in his possession.[1]

---

[1]  The strategy was implicit from counsel's questions and comments at the suppression hearing. More specifically, during the trial, appellant's girlfriend began to testify that she had seen Satterfield use drugs on numerous occasions. The Commonwealth objected. In response to the objection, counsel for Satterfield said:

[T]he jury might disregard the statement. *They could say we may not believe what the officer said that Mr. Satterfield said to him because he wrote it down four days later and may have gotten it all garbled up and they may not believe it for some reason.*

Obviously, a lesser included offense of possession of cocaine with intent to distribute is possession of cocaine. Sometimes people possess cocaine because they want to use it, because they're addicted to it. That's certainly relevant for the jury to know.

The Commonwealth's Attorney says it's relevant to show that he had sold it before or to show that he intended to distribute it later. Yet the Commonwealth's Attorney doesn't want the jury to know at all about what motivations Mr. Satterfield might have to have cocaine.

He says, we're going to put on evidence, put on his statement, and yet completely handcuff the defense so there will be no defense.

The jury has a right to disregard or to believe various pieces of the evidence. *It is part of our defense that the reason he possessed cocaine is because he was using the cocaine. The jury may well want to believe that he possessed it simply for that reason alone and did not intend to distribute it.*

And the only way to put that in front of the jury is to put on evidence that he intended to use it.

During the testimony of defense witness Angela Throckmorton, out of the presence of the jury, he went on to argue:

It is our defense that he had it because he was using it. *They [the jury] don't have to believe this police officer. I may argue that the police officer can't be believed.* And yet we have evidence that he was using it. . . . We have a right to rebut it by showing evidence that shows the man was using it, that he possessed it solely to use it. And that may well be my argument to the jury.

He further argued:

On cross-examination of the police officers, defense counsel sought to impeach their testimony by showing that they had not electronically recorded Satterfield's statement, that it was four days after arrest that Loftis wrote it down, that the officers were merely relying upon their best recollection, and that their testimony concerning the statement was not a verbatim account of what they had been told. Defense counsel suggested to one officer that Satterfield had told the officer "that he was addicted to cocaine," which the officer admitted he had not included as a part of his notes concerning the statement. Counsel further brought out the fact that Satterfield told the police officer he was using about one gram of cocaine each day and he bought and resold it to help support his habit.

Satterfield put on a police officer to testify that the value of the cocaine in Satterfield's possession was only $50 to $100 a gram, three-quarters of a gram being worth about $75. Angela Throckmorton, Satterfield's girlfriend, testified that Satterfield was addicted to the drug and used it each day.

Satterfield moved to suppress that part of the statement admitting that he had purchased the drugs in question from the same supplier that he had purchased other quantities of drugs for sale in the past two months. He relied upon *Boyd v. Commonwealth*, 213 Va. 52, 189 S.E.2d 359 (1972); *Eccles v. Commonwealth*, 214 Va. 20, 197 S.E.2d 332 (1973); and *Donahue v. Commonwealth*, 225 Va. 145, 300 S.E.2d 768 (1983), to support his position. In response, the Commonwealth argued that the objectionable portion of the statement was closely connected to the offense charged and that the statement in its entirety should be admitted into evidence. The Commonwealth maintained that *Scott v. Commonwealth*, 228 Va. 519, 323 S.E.2d 572 (1984), controlled, not *Boyd*, *Eccles* and *Donahue*, since the latter three cases involved separate drug offenses unrelated in any way to the offenses charged.

---

The fact that he used it in the past is relevant to show that he uses it in the future or at the present time. Just like the Commonwealth says he should be able to put on that he sold it in the past, therefore he may sell it in the future. It's tit for tat Judge. The common scheme or plan is appropriate.

The witness was allowed to testify that she saw the defendant use drugs intravenously every day. On cross-examination she said that she never saw him sell drugs.

*Boyd* and *Donahue*, relied upon by Satterfield, are cases in which the prior, unrelated drug sales were transactions separate and apart from the charged offense. The prior drug activity had no relevance to any issue in those cases. They were cases where the Commonwealth put on separate, independent evidence of prior acts of drug distribution and the prior acts were unrelated to the charged offenses. *Eccles*, also relied on by appellant, involved the admission of testimony as to the defendant's prior criminal acts of smoking marijuana. The Court in *Eccles* found the admission of the evidence to be error and reversed. *Id.* at 22-23, 197 S.E.2d at 333. All three cases cited by Satterfield are distinguishable from his case, where the proof of the prior distribution was included in an admission, was explanatory of the offense charged and was relevant to prove an essential element of the charged crime.

■ Frequently, evidence that is inadmissible under a general rule of evidence is admissible under an exception to the general rule or under another rule. *See Upchurch v. Commonwealth*, 220 Va. 408, 410, 258 S.E.2d 506, 507-08 (1979). The general rule against proving prior criminal conduct of a defendant does not operate to prohibit such evidence when it is offered to prove relevant facts.

■ When a tension exists between one rule of evidence and another, or a general rule and an exception, because of the prejudicial nature of the evidence, the question of admissibility lies within the sound discretion of the trial judge and that decision will not be reversed on appeal absent an abuse of discretion. *See Blain v. Commonwealth*, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).

■ We hold the admissibility of this evidence is controlled by the holding in *Scott v. Commonwealth*, wherein the Supreme Court stated:

Where a course of criminal conduct is continuous and interwoven, consisting of a series of related crimes, the perpetrator has no right to have the evidence "sanitized" so as to deny the jury knowledge of all but the immediate crime for which he is on trial. The fact-finder is entitled to all of the relevant and connected facts, including those which followed the commission of the crime on trial, as well as those which preceded it; even though they may show the defendant guilty

of other offenses. Evidence of such connected criminal conduct is often relevant to show motive, method, and intent. Indeed, it may be the only way in which such matters may be shown, as was the case here. *Even where another crime is not inextricably linked with the offense on trial, it may nevertheless be proved if it shows the conduct and feeling of the accused toward his victim, his motive, intent, plan or scheme, or any other relevant element of the offense on trial.*

228 Va. at 526-27, 323 S.E.2d at 577 (citations omitted) (emphasis added).

Satterfield argues that the police officer misunderstood the import of his statement. However, the portion of the statement to which Satterfield objected explained the import of that part of the statement to which he did not object. The objectionable portion of the statement informed the jury of the context in which the statement was made. Satterfield attempted to persuade the jury that the police officer misunderstood him when the police officer heard him say that he was going to sell the drugs that he had. Satterfield, in order to minimize his references to distribution, wanted to emphasize to the jury that he had talked to the officers about his drug addiction and daily drug use. Without the admission of that portion of his statement that he previously purchased cocaine to resell, he could argue that the officers had misinterpreted his statement. By allowing the entire statement into evidence, the police officer was able to convey to the jury that Satterfield had admitted that he intended to distribute the drugs, and one of the reasons that he was sure of his recollection was that Satterfield explained that this was a course of conduct with him. The jury could infer that Satterfield made clear to the officers that he possessed the cocaine to resell it by pointing out that this was part of a continuing operation where he bought drugs from the same person and resold them.

Satterfield argues that the unobjectionable-to portion of the statement constituted sufficient proof of his intent to distribute. Satterfield fails to note that when he pled not guilty he put the Commonwealth to the test of proving each and every element of the offense beyond a reasonable doubt. He did not concede the truth of the officer's testimony. If he had conceded the truth of that portion of the statement to which he did not object, his argu-

ment would be more plausible. If the Commonwealth had been denied the use of the entire statement, defense counsel's position at trial would have misled the jury.

Even though evidence of appellant's past action was not inextricably linked with the offense on trial, it nevertheless proved his motive, intent, and plan with regard to the drugs that he possessed. If the jury believed the police officer, Satterfield had admitted that he intended to sell the drugs he possessed. Satterfield told the police officer that he paid $20 for particular drugs he purchased and was going to sell the drugs for $25 per quarter gram. If the jury heard only that portion of the statement along with the other evidence Satterfield put on that he was a mere user, who at most sold barely enough to repurchase drugs to satisfy his habit, the jury would have been completely misled.

From the part of the evidence that Satterfield wished to have excluded, the jury could have believed that he was in fact a drug dealer who routinely made more than a one hundred percent profit on the drugs he sold. This evidence belied his contention that in this particular transaction he was an innocent victim like the other innocent victims in society whom the law is trying to protect from drug distribution. In fact, with the admission of the entire statement, the jury reasonably could infer that this possession was part of his ongoing commercial operation. Thus, under the holding in *Scott*, the evidence was also admissible to show Satterfield's motive and intent with regard to his possession of the particular drugs.

*Affirmed.*

Coleman, J., Duff, J., Willis, J., and Bray, J., concurred.

Koontz, C.J., with whom Barrow, J., Benton, J., and Elder, J., join, dissenting.

This is not a difficult or complicated case. The essential facts are not in dispute and our review is guided by well established principles.

As a general rule in a criminal prosecution, evidence that shows the defendant has committed other crimes is inadmissible for the purpose of proving the defendant committed the crime charged, even though the other crimes are of the same nature. *E.g.,*

*Donahue v. Commonwealth*, 225 Va. 145, 155, 300 S.E.2d 768, 773 (1983); *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). However, well established exceptions to that rule allow evidence of other crimes to be admitted if it is connected with the charged offense or if "it tends to prove any relevant element of the offense charged," such as intent or motive. *Kirkpatrick*, 211 Va. at 272, 176 S.E.2d at 805; *accord Scott v. Commonwealth*, 228 Va. 519, 527, 323 S.E.2d 572, 577 (1984); *Donahue*, 225 Va. at 155, 300 S.E.2d at 773; *Barber v. Commonwealth*, 5 Va. App. 172, 179-80, 360 S.E.2d 888, 892 (1987). These exceptions are qualified by the test of whether " 'the legitimate probative value [of the other crimes evidence] outweighs the incidental prejudice to the accused.' " *Hawks v. Commonwealth*, 228 Va. 244, 247, 321 S.E.2d 650, 652 (1984) (quoting *Lewis v. Commonwealth*, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983)); *Barber*, 5 Va. App. at 180, 360 S.E.2d at 892.

Satterfield was arrested after the narcotics agents searched him and found .78 grams of cocaine on his person. He subsequently gave an oral confession admitting that he had purchased the cocaine and intended to resell it. Satterfield does not challenge the legality of the search, the arrest, or his confession. He was charged with possession of cocaine with intent to distribute. At trial he pled not guilty.

Because of Satterfield's plea of not guilty, the majority correctly notes that the Commonwealth had to prove both the possession and the intent to distribute the cocaine beyond a reasonable doubt. The evidence available to the Commonwealth did not make that a difficult task. On brief, the Commonwealth points out that Satterfield's possession of the cocaine "was not in question." The evidence establishes Satterfield's possession of the cocaine beyond a reasonable doubt. Similarly, in what the majority denotes as the "unobjectionable" portion of Satterfield's confession, he admits that "he purchased the three packets of cocaine . . . for twenty dollars each . . . [and] he was going to resell them for twenty-five dollars each." Satterfield did not object to this evidence and it provides the necessary proof of his intent to distribute the cocaine he possessed.

The Commonwealth, however, did not rest its case with this evidence. Rather, over Satterfield's objection, the Commonwealth introduced the remaining or "objectionable" portion of Satterfield's

confession, which disclosed that he had sold cocaine at some unspecified time in the past. There was no evidence or contention that Satterfield's prior drug dealings and the present offense were a part of a scheme or otherwise connected. They were unrelated except for his source of the cocaine. The majority acknowledges that the evidence of Satterfield's other crimes was "not inextricably linked" with the offense for which he was on trial. Moreover, Satterfield's confession was readily separable into distinct parts: one part that established Satterfield's guilt of possession of cocaine with intent to distribute without evidence of other crimes; the other part that would produce the same result but included prejudicial evidence of other crimes.

Despite the rather straightforward factual scenario involved in this case and the lack of any necessity for evidence involving other crimes to prove the present offense, the majority undertakes an analysis of what Satterfield meant by parts of his confession, what his trial "strategy" was, and whether the jury would have been "misled" by hearing only a portion of the confession that did not include evidence of other crimes. While I do not disagree with all of that analysis, a complete discussion of my view of that analysis is not useful here. Ultimately, the majority concludes that pursuant to the holding in *Scott*, 228 Va. 519, 323 S.E.2d 572, an exception to the *Kirkpatrick* general rule applies and, thus, evidence of Satterfield's past drug sales was admissible to prove that he intended to sell the cocaine involved in the present offense. It is with this conclusion that I disagree.

In *Scott*, the defendant abducted the victim from her apartment in Bristol, Virginia, drove her to an apartment in Bristol, Tennessee, and raped her. In Virginia, he was charged with abduction with intent to defile (sexually molest). At trial, the defendant argued that it was error to admit evidence that, after abducting the victim in Virginia, he committed the crime of rape upon her in Tennessee. The essence of the defendant's argument was that the evidence of the Tennessee crime inflamed the Virginia jury and, thus, he was punished for the Tennessee crime as well as the Virginia crime. The Supreme Court rejected this argument and noted that Scott's course of criminal conduct was "continuous and interwoven, consisting of a series of related crimes" and, thus, the jury was "entitled to all of the relevant and connected facts, including those which followed the commission of

the crime on trial, as well as those which preceded it; even though they may show the defendant guilty of other offenses." *Id.* at 526-27, 323 S.E.2d at 577. In *Scott*, the evidence of the Tennessee rape immediately following the abduction in Virginia established the intent to defile element of the abduction charge. Thus, the decision in *Scott* is consistent with the general rule of *Kirkpatrick* excluding evidence of other crimes, which "extends only to crimes which are unrelated to those on trial, and which are offered solely for the purpose of showing that the accused was a person of such character as to be a likely perpetrator of the offense charged." *Id.*

The present case is clearly distinguishable from *Scott*. Satterfield's past drug dealings and the offense on trial were not shown to be a part of a continuous and interwoven criminal conduct. No evidence established when the past crimes occurred. In my view, *Scott* must be read in the context of the facts of that case, which involved a clear continuous and interwoven course of criminal conduct consisting of a series of related crimes. In addition, *Scott* does not provide authority for the introduction of evidence of other crimes to show the intent element of the offense on trial where, as here, that intent is shown from evidence not involving other crimes. In summary, I believe the majority reads *Scott* too broadly.

In contrast to the majority view, our Supreme Court has repeatedly found evidence of prior drug transactions inadmissible in cases concerning the sale of drugs or possession of drugs with the intent to sell. In *Boyd v. Commonwealth*, 213 Va. 52, 189 S.E.2d 359 (1972), the Court found that the defendant's heroin sales two days prior to the heroin sale for which he was on trial were unrelated. Therefore, the Court held that the evidence of the prior sales was inadmissible since it did not fall within an exception to the general rule announced in *Kirkpatrick* and its prejudicial effect outweighed its probative value. *Id.* at 53, 189 S.E.2d at 359-60. In *Eccles v. Commonwealth*, 214 Va. 20, 197 S.E.2d 332 (1973), the Court, relying upon *Boyd*, held that it was reversible error to admit evidence of the defendant's past criminal acts of smoking marijuana in his trial for selling marijuana. Finally, in *Donahue*, 225 Va. 145, 300 S.E.2d 768, a case similar to the present case, the defendant was convicted of possession of phencyclidine (PCP) with intent to distribute. The Commonwealth put on evidence of the defendant's drug dealings from

about a month and one-half earlier, including her confession that she had been selling PCP. The trial court gave the jury limiting instructions explaining that the evidence of the defendant's prior drug dealings was admitted for the purpose of proving intent or knowledge but not to show she was guilty of the crime charged. The Supreme Court reversed the conviction after holding that none of the *Kirkpatrick* exceptions were applicable and that their decision in *Boyd* was controlling. The Court further stated: " 'Since we have no way of knowing the effect the court's admission of testimony as to defendant's prior criminal acts . . . had upon the minds of the jury, we cannot say that the error was not prejudicial.' " *Id.* at 156, 300 S.E.2d at 774 (quoting *Eccles*, 214 Va. at 22-23, 197 S.E.2d at 333).

In my view, *Donahue* controls the present case. Satterfield's admitted prior drug dealings and the cocaine possession charge for which he was being tried were unrelated except for his source of the cocaine. The Commonwealth made no assertion that the crimes were a part of a scheme or otherwise connected. Since Satterfield admitted he intended to sell the cocaine, the probative value of the evidence of prior crimes is greatly diminished and was outweighed by the prejudicial effect of that evidence. Moreover, since there is no way of knowing the effect the court's admission of testimony as to Satterfield's prior criminal acts had upon the minds of the jury, it cannot be said that this error was not prejudicial.

For these reasons, I respectfully dissent. I would reverse Satterfield's conviction and remand for a new trial if the Commonwealth be so advised.