## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Alfonso Martinez

November 15, 1993

Case No. (Criminal) 80932

BY JUDGE THOMAS S. KENNY

This case presents the question of whether or not a mistrial should be declared with respect to the defendant's trial on the charge of possession of marijuana with intent to distribute on the grounds that the court erred in admitting evidence of prior marijuana sales by the defendant and telephone threats to the defendant.

The defendant was tried for the offense of possession of marijuana with intent to distribute on September 28 and September 29, 1993. The jury returned an unanimous verdict of guilty, recommending incarceration of the defendant for a term of nine years. The court ordered that the case be referred to the District Probation Officer for investigation and report before sentencing, and continued the case to November 12, 1993, by court order entered October 6, 1993.

Defendant by counsel subsequently filed on October 18, 1993, a notice and motion for mistrial to be also heard on November 12, 1993, in which the defendant moved the court to vacate its order of conviction and stay the execution of the jury's recommendation, and grant a new trial to the defendant. In his supporting memorandum, the defendant argued that the prejudicial effect of the allegedly objectionable evidence greatly outweighed its probative value, and that the evidence of prior marijuana sales and telephone threats should not have been admitted because it was unrelated to the offense of possession of marijuana with intent to distribute. I disagree with the defendant and therefore deny the motion for a mistrial.

The common law of Virginia has addressed the issue of the admissibility of evidence of commission of other crimes by a defendant at the defendant's current trial for another offense. In *Kirkpatrick v. Commonwealth*, 211 Va. 269 (1970), the court affirmed the trial court's admission of evidence that the weapon used to commit a robbery was secured by breaking and entering another building shortly before the robbery occurred. The court held that as a general rule, evidence of other offenses should not be admitted if offered just to show the accused was likely to commit the crime now charged. However, the court recognized the following exceptions that would permit the introduction of such evidence:

> Such evidence is permissible in cases where motive, *intent*, or knowledge of the accused is involved, or where the evidence is connected with or leads up to the offense for which the accused is on trial. Also, testimony of other crimes is admissible where the other crimes constitute a part of the general scheme of which the crime charged is a part.

*Kirkpatrick*, 211 Va. at 272 (1970) (emphasis added).

Subsequently, the Virginia Supreme Court applied the *Kirkpatrick* test to evaluate the admissibility of prior drug-related activity by a defendant. In *Boyd v. Commonwealth*, 213 Va. 52 (1972), the court held that prior heroin sales by the accused that occurred a few days before the sale for which the accused was on trial were unrelated to that sale and could not be admitted under any of the *Kirkpatrick* exceptions. Since the evidence was not admissible under any exception, the court resisted admitting the evidence otherwise because its prejudicial effect greatly outweighed its probative value. In *Eccles v. Commonwealth*, 214 Va. 20 (1973), the court held that the trial court erred in admitting evidence that the defendant had smoked marijuana at his trial for the offense of selling marijuana, citing *Boyd* as controlling authority.

More recently, in *Donahue v. Commonwealth*, 225 Va. 145, 300 S.E.2d 768 (1983), the court held that admission of evidence of the defendant's arrest and conviction for prior drug sales at the defendant's trial for possession with intent to distribute PCP was reversible error, citing *Boyd* as controlling authority. The court reasoned that since the evidence of prior sales was not admissible under any of the

*Kirkpatrick* exceptions, the prejudicial effect of the disputed evidence outweighed its probative value.

Although the Virginia Supreme Court has traditionally resisted admitting evidence of prior drug sales, its analysis of the admissibility of the evidence in terms of the *Kirkpatrick* exceptions indicates that such evidence could be admitted if introduced for an appropriate reason.

The Virginia Court of Appeals has recently ruled that such evidence can indeed be introduced. In *Satterfield v. Commonwealth*, 14 Va. App. 630 (1992), the court, upon hearing *en banc* from a panel decision which reversed the trial court, affirmed the trial court's conviction of the defendant for possession of cocaine with intent to distribute. The evidence that was objected to by the defendant was part of his statement to the police in which he admitted that he had previously bought drugs from the same seller and resold them for profit within the last two months. The court, applying the *Kirkpatrick* exception pertaining to intent, held that the evidence was properly admitted to show the accused's intent, which was an element of the charged offense of possession with intent to distribute cocaine.

Here, the defendant was charged with possession with intent to distribute marijuana. An element of this offense is the *intent* of the accused. The evidence of the prior marijuana sales was not introduced simply to establish a propensity to commit the charged offense; instead, the evidence was introduced to assist the jury in making the requisite determination of whether or not the defendant intended to distribute the marijuana found in his possession.

With respect to the evidence of telephone threats, the memorandum submitted by defense counsel did not specifically cite case law addressing the admissibility of this evidence. However, this testimony by the witness, Mr. Otero, tended to prove that Mr. Martinez claimed an ownership interest in the marijuana. This probative value outweighed its prejudicial effect.

The motion for a mistrial is denied.