COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton, Coleman,
          Elder, Bray, Annunziata, Bumgardner, Lemons and Frank
Argued at Richmond, Virginia


PATRICK SEAN COOPER
                                        OPINION BY
v.  Record No. 3073-97-4        JUDGE ROSEMARIE ANNUNZIATA
                                     FEBRUARY 29, 2000
COMMONWEALTH OF VIRGINIA


UPON A REHEARING EN BANC

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
            Alfred D. Swersky, Judge

        Elizabeth Ippolito, Assistant Public
        Defender, for appellant.

        Donald E. Jeffrey, III, Assistant Attorney
        General (Mark L. Earley, Attorney General,
        on brief), for appellee.


        On June 15, 1999, a panel of this Court affirmed Patrick

Sean Cooper's conviction of possession of an imitation

controlled substance with intent to distribute.  See Cooper v.

Commonwealth, 30 Va. App. 26, 515 S.E.2d 320 (1999).  On June

25, 1999, we granted Cooper's petition for a rehearing en banc.

Upon rehearing en banc, we reverse the conviction.

        On appeal, Cooper argues that the trial court erred in

admitting other crimes evidence and that the evidence was

insufficient to prove he intended to distribute the substance.

We agree.

We view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible from the evidence.  See Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997).

Alexandria Police Officer Ballenger arrested Cooper on an outstanding warrant and found five individually packaged rocks of fake crack cocaine when searching him.  The officer asked if the substance was "demo" which is slang for fake crack cocaine.  Cooper replied, "[y]ou know it."  Officer Ballenger testified that the individually wrapped substance resembled crack cocaine in every respect and was packaged more consistently with distribution than with personal use.  He also testified that there was no reason for an individual "to intentionally purchase fake crack cocaine."

Over objection, a state trooper testified that approximately two months earlier he made an undercover purchase from Cooper of what turned out to be fake cocaine.  He was attempting to purchase crack cocaine from Cooper who gave him two packages apparently containing crack but which tested negative for cocaine.  The imitation substance and the certificate of analysis from the earlier sale were admitted into evidence.

In the defense case, Cooper testified that a friend had shown him the fake cocaine and handed it to him just as the

police arrived.  He was left holding it as his friend walked away, so he put it in his pocket in order not to draw attention to himself.  He denied possessing it with intent to distribute it.

ANALYSIS

It has long been settled that evidence that the accused committed other crimes is inadmissible to prove guilt of the crime for which the accused is on trial, notwithstanding the similar natures of the two crimes.  See Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). Other crimes evidence not having "'such necessary conne[ct]ion with the transaction then before the court as to be inseparable from it'" is irrelevant and inadmissible.  Guill v. Commonwealth, 255 Va. 134, 139, 495 S.E.2d 489, 492 (1998) (quoting Walker v. Commonwealth, 28 Va. (1 Leigh) 574, 580 (1829)).  The "necessary connection" between a prior crime and the offense being prosecuted may be established by showing "'a causal relation or logical and natural connection between the two acts, or [that] they . . . form parts of one transaction.'" Id. at 140, 495 S.E.2d at 492 (quoting Barber v. Commonwealth, 182 Va. 858, 868, 30 S.E.2d 565, 569 (1944)).  In the absence of such a showing, the evidence can serve but one purpose:  to show that the defendant has a propensity to commit crimes or a particular type of crime and, therefore, probably committed the

- 3 -

offense for which he is being tried.  See id. at 139, 495 S.E.2d at 492.  The admission of such evidence for that purpose is prohibited.  See id. at 138, 495 S.E.2d at 491.

The general rule precluding admissibility has many exceptions which are as well established as the rule itself.  See Morton v. Commonwealth, 227 Va. 216, 222, 315 S.E.2d 224, 228, cert. denied, 469 U.S. 862 (1984).  Among them is the admission of prior crimes evidence to prove intent.  "[E]vidence of other crimes is allowed when it tends to prove motive, intent, or knowledge of the defendant."  Guill, 255 Va. at 138, 495 S.E.2d at 491; see Charles E. Friend, The Law of Evidence in Virginia § 12-15 (4th ed. 1993).  The exception notwithstanding, a clear nexus must be shown to exist between the two transactions before the evidence may be admitted to establish intent.  See Hill v. Commonwealth, 17 Va. App. 480, 486, 438 S.E.2d 296, 300 (1993) ("The nexus must be greater than the basic recitation that intent is an element of the offense because intent is an element of any offense.  To conclude otherwise is to allow the exception in Kirkpatrick to swallow the general rule."); see also Guill, 255 Va. at 139, 495 S.E.2d at 492.  Proceeding from these foundational requirements, both this Court and the Virginia Supreme Court have repeatedly rejected the admission of evidence of separate and unrelated prior drug transactions to show a defendant's sale of drugs or

- 4 -

possession of drugs with the intent to distribute.  See Donahue v. Commonwealth, 225 Va. 145, 154-56, 300 S.E.2d 768, 773-74 (1983); Eccles v. Commonwealth, 214 Va. 20, 21-22, 197 S.E.2d 332, 332-33 (1973); Boyd v. Commonwealth, 213 Va. 52, 52-53, 189 S.E.2d 359, 359-60 (1972); Hill, 17 Va. App. at 485-87, 438 S.E.2d at 299-300; Wilson v. Commonwealth, 16 Va. App. 213, 219-23, 429 S.E.2d 229, 233-35, aff'd on reh'g en banc, 17 Va. App. 248, 436 S.E.2d 193 (1993).

We find the required nexus between Cooper's prior sale of imitation cocaine and the present charge is lacking in this case and that the evidence was thus erroneously admitted.  Cooper's sale of imitation cocaine approximately two and one-half months before the charged offense was a separate act without logical or natural connection with Cooper's present charge of possession of imitation cocaine with the intent to distribute.  Likewise, there is no evidentiary basis upon which to find that Cooper's previous sale and the present charge form parts of a single transaction.  See Guill, 255 Va. at 139-40, 495 S.E.2d at 492. As such, the evidence at issue was irrelevant and its admission was improper and prejudicial because it showed only Cooper's propensity to commit the crime charged.  See id.; Wilson, 16 Va. App. at 223, 429 S.E.2d at 235.

For the reasons stated above, we also find that the evidence of another crime was inadmissible under the "general

scheme" exception to the rule.  See Rodriguez v. Commonwealth, 249 Va. 203, 206, 454 S.E.2d 725, 727 (1995).  In Rodriguez, the other crimes evidence concerned defendant's on-going participation in a common scheme with others to purchase and distribute illegal drugs.  Thus, the prior crimes evidence tended to prove defendant's participation in a drug distribution ring.  In contrast, while Cooper's prior arrest for attempted distribution of an imitation illegal substance was of the same nature as the conviction which he now appeals, no evidence supported a connection between that earlier crime and the later offense.  The record reveals them only to be discrete events of a common nature.  Without more, the "general scheme" exception does not apply.  See Donahue, 225 Va. 145, 300 S.E.2d 768 (Supreme Court reversed conviction of defendant on charge of distribution of illegal narcotics because it held evidence of her drug dealing one month earlier was not sufficiently connected with later drug dealing to constitute a "general scheme").

Finally, we disagree with the Commonwealth's contention that Cooper's prior crime was admissible to rebut his testimony. This case may be distinguished from our decision in Satterfield v. Commonwealth, 14 Va. App. 630, 420 S.E.2d 228 (1992), in which we held that evidence of the defendant's previous drug distribution activities was properly admitted to rebut his

contention that he only intended to use drugs found in his possession, and to prevent the jury from being misled by the defendant's testimony.  Here, although Cooper ultimately stated in his defense that he had not formulated the intent to distribute,[1] his testimony followed the admission of the challenged evidence and logically cannot provide the foundation upon which the Commonwealth seeks to justify the admission of rebuttal evidence in its case-in-chief.  The risk of misleading the fact finder in the absence of the evidence at issue did not exist in this case as Cooper had not testified and no statement relating his innocent possession of the substance had been introduced in the Commonwealth's case-in-chief.  See id. at 635-37, 420 S.E.2d at 231-32; see also Scott v. Commonwealth, 228 Va. 519, 526-27, 323 S.E.2d 572, 577 (1984).  Hence, there was nothing to rebut.  See Hill, 17 Va. App. at 486-87, 438 S.E.2d at 300.

The Commonwealth argues that Cooper provided the foundation for the challenged evidence in his opening statement when he

---

[1] Appellant testified that at the time of his arrest,

> what I really wanted to do . . . was throw [the imitation drug evidence] down, but [the police] were watching . . . . I never got to the point to form an opinion of what I was going to do with the substance.  Actually, I was just looking at it with friends until [someone] yelled "narcotics." . . . [T]hey was just showing it to me.

noted the absence of certain critical factors in the Commonwealth's evidence, including intent. We disagree. The opening statement is not evidence, and, thus, cannot "open the door" for otherwise inadmissible prior crimes evidence. See Bynum v. Commonwealth, 28 Va. App. 451, 458-59, 506 S.E.2d 30, 34 (1998) (opening statement does not "open the door" to otherwise inadmissible evidence because the statement is not evidence); cf. United States v. Hadaway, 681 F.2d 214, 218 (4th Cir. 1982) (holding that a defendant's assertions in his opening statement may, in connection with other facts, be considered in determining the admissibility of other crimes evidence).

We further find the erroneous admission of the evidence was not harmless. "A nonconstitutional error is harmless if 'it plainly appears from the record and the evidence given at trial that the error did not affect the verdict.'" Scott v. Commonwealth, 18 Va. App. 692, 695, 446 S.E.2d 619, 620 (1994) (quoting Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc)). "'An error does not affect a verdict if a reviewing court can conclude, without usurping the [fact finder's] function, that had the error not occurred, the verdict would have been the same.'" Id.

Based on our review of the record, we cannot conclude without usurping the role of the fact finder that the trial court's error was harmless.

> [W]hen the trial judge erroneously and unconditionally admits prejudicial evidence, we cannot presume that the trial judge disregarded that evidence which he ruled to have probative value. While a judge is uniquely qualified by training, education and experience to disregard potentially prejudicial aspects of inadmissible evidence in the ultimate adjudication of the issue, we cannot assume that the judge has done so where the judge's rulings indicate otherwise.

Wilson, 16 Va. App. at 223, 429 S.E.2d at 235-36 (citations omitted). At trial, the evidence of Cooper's intent was in conflict. Although Cooper admitted he knew the substance found in his possession was imitation cocaine, the police did not observe Cooper engage in any behavior indicative of drug selling and did not find any characteristic tools of the drug trade on his person at the time of his arrest on the street. Cooper testified in his defense that friends had shown him the imitation cocaine just before the police arrested him and that he had not "form[ed] an opinion of what [he] was going to do with the substance." Cooper's credibility was clearly at issue in the case and was resolved against him by the trial court. Without evidence of Cooper's prior sale of imitation cocaine, we cannot conclude that it plainly appears the trial judge would have disbelieved Cooper's testimony and found the evidence sufficient beyond a reasonable doubt to support a conviction. See Lilly v. Commonwealth, 258 Va. 548, 523 S.E.2d 208 (1999).

For the foregoing reasons, we hold that the trial court erred in admitting the prior crimes evidence and that the error was not harmless; accordingly, we reverse Cooper's conviction, and remand for further appropriate proceedings consistent with this opinion.

<u>Reversed and remanded</u>.

Bumgardner, J., with whom Coleman, J., joins, dissenting.

I respectfully dissent and would affirm the conviction. This case does not involve a drug transaction. It arose from the drug scene, but it did not involve trafficking in illegal narcotics. The substance involved was not controlled, and that characteristic is essential when drawing on precedent that involved actual drugs.

Fake or imitation cocaine is innocuous. It is not proscribed, mere possession is not illegal. An imitation substance has two characteristics: (1) it is not a controlled drug, and (2) it imitates, mimics, impersonates, or masquerades as a controlled drug. This case involved a substance that imitated cocaine, specifically crack cocaine, a form of the drug distributed in small bits and chunks roughly the size and shape of rock salt.

When an innocuous substance takes on the physical characteristics of crack cocaine, it becomes virtually useless for its normal purpose. A chip of soap or a bit of nut that looks like a real rock of crack cocaine is useless as soap or a snack because of size alone. It has no utilitarian value other than to be sold as that which it resembles. In this case, the Commonwealth presented evidence of that characteristic of fake crack cocaine, and this Court acknowledged as much in Werres v. Commonwealth, 19 Va. App. 744, 749, 454 S.E.2d 36, 39 (1995).

- 11 -

"By its nature, an imitation controlled substance has little or no use other than its commercial value in being misrepresented and sold as a controlled substance."  Id.

The Commonwealth had to prove the defendant knowingly possessed imitation cocaine and intended to distribute it.  It had to prove the defendant knew the true nature of the substance:  that he knew it was not genuine crack cocaine, that he knew the substance so closely resembled the real thing that it could pass for it.  In proving that the defendant knew those two characteristics of the substance, the Commonwealth was entitled to show that the defendant knew fake crack had no use but to be misrepresented and sold as genuine.

The Commonwealth offered this argument:  all fake crack cocaine is misrepresented and sold as real cocaine; the defendant possessed fake crack cocaine; therefore, the fake crack cocaine that the defendant possessed was to be misrepresented and sold as real cocaine.  Facts tending to prove that the defendant knew the substance had no innocent use would also tend to prove he intended to sell it as real cocaine.  The evidence of the defendant's prior sale supports the premise that all fake crack is misrepresented and sold.  It confirms the accuracy of the conclusion; the defendant possessed with the intent to misrepresent and sell.  If you knowingly possess

- 12 -

something that has no use but to be distributed, then it is logical to infer that you possessed it for that purpose.

At trial, the defendant maintained the evidence showed only that he was arrested while innocently holding a substance that was not an illegal substance. He denied possessing it with intent to distribute it. He admitted acknowledging the substance was "demo," but that admission only established one aspect of its nature: that it was not a controlled substance. It did not address the second characteristic of this imitation substance; it so resembled the real substance that it had no legitimate use.

The evidence of the earlier sale that the Commonwealth offered fits recognized exceptions to the rule excluding evidence of prior offenses. The evidence showed the defendant knew the true nature of the substance. It showed he was not an innocent bystander accidentally or inadvertently holding the object when the police arrived. It showed the motive for his possession of a useless item. See Charles E. Friend, The Law of Evidence in Virginia § 12-15 (5th ed. 1999); McCormick on Evidence § 190 (5th ed. 1992).

In weighing the prejudice of the evidence versus its probative value as required by Guill v. Commonwealth, 255 Va. 134, 140, 495 S.E.2d 489, 492 (1998), the prejudice associated with distributing an imitation substance is less than that

associated with prior possession of an illegal substance. Knowledge a defendant possessed illegal drugs can inflame a fact finder into misusing the evidence. The volatility is lower when the evidence does not involve distributing illegal drugs but of defrauding those who do. Additionally, a trial judge would not be as susceptible as a jury to prejudicial use of evidence of prior crimes. In this case, the legitimate probative value of the evidence outweighs the incidental prejudice. See Woodfin v. Commonwealth, 236 Va. 89, 95, 372 S.E.2d 377, 380-81 (1988), cert. denied, 490 U.S. 1009 (1989).

I believe the nature of the substance involved distinguishes this case from true drug cases in which unrelated prior drug transactions have been repeatedly rejected as evidence. In this case, the prior offense showed much more than a simple propensity to commit the crime charged. Accordingly, I would hold that trial court properly admitted the evidence.