**Richmond**

Edward Monroe Morton, Jr.

v.

Commonwealth of Virginia

Record No. 822255.

April 27, 1984.

Present: All the Justices.

*Michael D. Morchower (Eric D. White; Morchower & Luxton,* on brief), for appellant.

*Robert Q. Harris, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

CARRICO, C.J., delivered the opinion of the Court.

The defendant, Edward Monroe Morton, Jr., was convicted by a jury of conspiracy to distribute cocaine and, in accordance with the jury's verdict, was sentenced to serve twenty years in prison and to pay a $25,000 fine. He seeks reversal on the ground that the trial court erred in admitting into evidence tape recordings of.

intercepted telephone conversations relating to other crimes. Finding no error in the trial court's action, we will affirm.

The record shows that on September 14, 1981, the Circuit Court of the City of Lynchburg authorized the Department of State Police to intercept wire communications of Gregory Allen Mahanes and certain other named individuals "to and from" a telephone in Mahanes' residence. The wiretap was authorized to obtain information concerning felony violations of Code § 18.2-248, involving the possession and distribution of controlled substances, and Code § 18.2-256, involving conspiracy to distribute controlled substances. On October 13, 1981, the court extended the authorization for thirty days and added the name of the defendant to the list of those whose communications could be monitored.

Based upon information obtained from the intercepted conversations, the defendant was indicted on February 1, 1982, for conspiracy to distribute cocaine. Before trial, he filed a motion in limine to prohibit the use at trial of any intercepted conversations relating to offenses other than those specified in the order authorizing the wiretap. In arguing the motion on the morning of trial, defense counsel stated it was "apparent a number of the conversations that are intended to be introduced today have nothing to do with cocaine, but instead have to do with marijuana" and "any evidence that pertains to marijuana is inadmissible by Statute."

The trial court denied the defendant's motion. During presentation of the Commonwealth's case, the court admitted a number of tapes containing conversations relating to marijuana. The court told the jury that the evidence concerning marijuana was admitted for the "limited purpose" of aiding the jurors' understanding of other evidence.

In arguing below that evidence pertaining to marijuana "is inadmissible by Statute," the defendant apparently was referring to the provisions of Title 19.2, Chapter 6 of the Code, entitled "Interception of Wire or Oral Communications" and embracing §§ 19.2-61 to -70. Code § 19.2-66, as it read at the time of the wiretap in question,[1] permitted the Attorney General to apply to

---

[1] **§ 19.2-66. When Attorney General or Commonwealth's attorney may apply for order authorizing interception of communications.** — The Attorney General in any case where the Attorney General is authorized by law to prosecute or pursuant to a request in his official capacity of an attorney for the Commonwealth in any city or county may apply to a judge of competent jurisdiction for the jurisdiction where the proposed intercept is to be

an appropriate judge for an order authorizing the interception of wire or oral communications when such interception might reasonably be expected to provide evidence of the commission of extortion, bribery, felonious drug violations under Code § 18.2-248, or conspiracy to commit any of these offenses.[2]

Under Code § 19.2-67(3),[3] any person may disclose the contents of a communication, intercepted in accordance with the provisions of Chapter 6 of Title 19.2, while testifying in any criminal proceeding for an offense specified in Code § 19.2-66. But under Code § 19.2-67(5), as it read at the time of the wiretap in question,[4] the contents of communications relating to offenses other than those specified in the order of authorization, and evidence

made for an order authorizing the interception of wire or oral communications by the Department of State Police, when such interception may reasonably be expected to provide evidence of the commission of a felonious offense of extortion, bribery, or any felony violation of § 18.2-248, or any conspiracy to commit any of the foregoing offenses. The Attorney General may apply for authorization for the observation or monitoring of the interception by a police department of a county or city. Such application shall be made, and such order may be granted, in conformity with the provisions of § 19.2-68.

[2] Code § 19.2-66 now permits wiretaps to obtain information concerning felonious offenses of extortion, bribery, kidnapping, murder, violations of Code §§ 18.2-248 and -248.1, or any conspiracy to commit any of these offenses.

[3] § 19.2-67. Disclosure of information obtained by authorized means.—. . . .

. . . .

(3) Any person who has received, by any means authorized by this chapter, any information concerning a wire or oral communication, or evidence derived therefrom intercepted in accordance with the provisions of this chapter may disclose the contents of that communication or such derivative evidence while giving testimony under oath or affirmation in any criminal proceeding for an offense specified in § 19.2-66, or any conspiracy or attempt to commit the same, in any court of the United States or of any state or in any federal or state grand jury proceeding.

[4] § 19.2-67. Disclosure of information obtained by authorized means.—. . . .

. . . .

(5) When an investigative or law-enforcement officer, or police officer of a county or city, while engaged in intercepting wire or oral communications in the manner authorized herein, or observing or monitoring such interception intercepts, observes or monitors wire or oral communications relating to offenses other than those specified in the order of authorization the contents thereof, and evidence derived therefrom, shall not be disclosed or used as provided in subsections (1), (2) and (3) of this section, unless such communications or derivative evidence relates to crimes of violence or official corruption punishable as a felony, in which case use or disclosure may be made as provided in subsections (1), (2) and (3) of this section. Such use and disclosure pursuant to subsection (3) of this section shall be permitted only when approved by a judge of competent jurisdiction where such judge finds, on subsequent application, that such communications were otherwise intercepted in accordance with the provisions of this chapter. Violations of this subsection (5) shall be punishable as provided in § 19.2-62.

derived therefrom, could not be disclosed or used, "unless such communications or derivative evidence relate[d] to, crimes of violence or official corruption punishable as a felony."[5] And Code § 19.2-65[6] provides that no part of the contents of an intercepted communication and no information derived therefrom may be received in evidence in any trial, hearing, or other proceeding if the disclosure of the information would be in violation of Chapter 6 of Title 19.2.

The defendant correctly points out that wiretaps previously were permitted for felonious marijuana offenses; prior to 1979, Code § 19.2-66 incorporated Code § 18.2-248, which then regulated marijuana as well as cocaine and other drugs. As a result of 1979 amendments, marijuana was removed from Code § 18.2-248 and made the subject of separate regulation under a new Code section, 18.2-248.1. Code § 19.2-66, however, was not amended to incorporate the new Code section until 1982, well after the 1981 wiretap occurred in the present case.

From this, the defendant argues that because marijuana offenses were neither included within the provisions of Code § 19.2-66 in 1981 nor classified as crimes of violence or official corruption under Code § 19.2-67(5), as it then read, the disclosure at trial of intercepted communications relating to marijuana violated the latter section and, hence, the communications were inadmissible under Code § 19.2-65. As a result, the defendant concludes that he is entitled to a new trial excluding evidence of marijuana offenses.

■ We disagree with the defendant, and, because our wiretap statute is patterned on a federal statute covering the same subject,[7] we borrow from a federal decision for the rationale of our disposition of this case. In *United States* v. *Campagnuolo*, 556 F.2d 1209 (5th Cir. 1977), the Fifth Circuit Court of Appeals

---

[5] The "unless" clause of Code § 19.2-67(5) now reads, "unless such communications or derivative evidence relates to a felony."

[6] **§ 19.2-65. When intercepted communications and evidence derived therefrom not to be received in evidence.** — Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing or other proceeding in or before any court, grand jury, department, officer, commission, regulatory body, legislative committee or other agency of this State or a political subdivision thereof if the disclosure of that information would be in violation of this chapter.

[7] Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2520.

considered the application of 18 U.S.C. § 2517(5), the counterpart of our Code § 19.2-67(5). The federal code section provides that intercepted communications relating to offenses other than those specified in the order authorizing a wiretap may be disclosed in testimony only when approved by a judge upon subsequent application.

In *Campagnuolo*, the Government secured an order authorizing a wiretap to obtain information concerning violations of 18 U.S.C. § 1955, a gambling statute which does not require proof of interstate activity. The information obtained from the wiretap was presented to a grand jury and, in an effort to establish a violation of § 1955, the prosecutor, in questioning a witness, used intercepted information which tended to show violations of other federal gambling statutes, namely, 18 U.S.C. §§ 1084 and 1952, by whose terms proof of interstate activity is required.

Unsuccessful in establishing any violation of § 1955, the prosecutor decided to seek an indictment for violations of §§ 1084 and 1952. Because these offenses were different from those specified in the original wiretap order, the prosecutor obtained an order pursuant to § 2517(5) permitting disclosure of the intercepted information concerning interstate activity. When this information was presented to the same grand jury, it returned an indictment under §§ 1084 and 1952.

The district judge suppressed the evidence obtained in the wiretap and dismissed the indictment. This decision was based upon the fact that the Government had failed to obtain an order permitting disclosure of the information concerning other offenses prior to the time such information was used before the grand jury on the first occasion.

The Court of Appeals reversed. The Court pointed out that § 2517(5) was intended to "assure that the Government does not secure a wiretap authorization order to investigate one offense as a subterfuge to acquire evidence of a different offense for which the prerequisites to an authorization order are lacking." 556 F.2d at 1214. In light of this objective, the Court stated that the term "relating," in the context of § 2517(5), "is best understood in terms of how the intercepted conversation is used by the Government and the Government's purpose in disclosing it." 556 F.2d at 1214-15. Continuing, the Court said:

> In this sense, it is difficult to perceive how section 2517(5) would be violated where the Government used intercepted conversations to secure an indictment solely under the very statute named in the authorization order, but where those same conversations also evidenced some element of a different offense for which an indictment was neither sought nor returned. We believe that when wiretap evidence is probative of both the offense named in the authorization order and some other unnamed offense, the relationship of the evidence to the unnamed offense becomes important in terms of 2517(5) only when the Government attempts to use it with respect to that offense.

*Id.* at 1215. The Court noted that the record negated any inference the prosecutor had sought at the first grand jury hearing to use the information relating to the unnamed offenses for any purpose other than to obtain an indictment for the offense specified in the authorization order. Hence, the Court concluded, the disclosure of the information relating to other offenses was valid when made during the first grand jury hearing.

The record here similarly negates any inference that the Commonwealth sought at the defendant's trial to use information relating to marijuana for any purpose other than to secure a conviction for conspiracy to distribute cocaine, the very crime named in the authorization order. Nothing in the record suggests that the Commonwealth has made any effort to charge the defendant with, or to try him for, a marijuana offense. So far as Code § 19.2-67(5) is concerned, therefore, the disclosure of the marijuana information at the defendant's trial was valid.

 This does not end our inquiry, however; the defendant also contends that the evidence concerning marijuana was inadmissible under common law principles. He argues that admission of the marijuana evidence violated the "well established general rule that evidence of other crimes is inadmissable to show the commission of the particular crime charged."

The exceptions to the general rule, however, are as well established as the rule itself. Under one of the exceptions, evidence of other offenses is admissible if it "is connected with or leads up to the offense for which the accused is on trial." *Kirkpatrick* v. *Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). Under another exception, such evidence is admissible where the other of-

fense constitutes part of the general scheme of which the crime charged is also a part and the two are so closely related that proof of one tends to establish the other. *Id.*; *O'Boyle* v. *Commonwealth*, 100 Va. 785, 792, 40 S.E. 121, 123 (1901). And application of the general scheme exception is "particularly appropriate" where, as here, the accused is on trial for conspiracy. *Dorantes* v. *Commonwealth*, 222 Va. 383, 385, 281 S.E.2d 823, 824 (1981).

In the taped conversations played before the jury at the defendant's trial, the transactions relating to marijuana are so inextricably connected with those concerning cocaine as to leave little doubt that both drugs were involved in a general scheme undertaken by the defendant and others to distribute controlled substances in the Lynchburg area. Indeed, the intercepted conversations show a relationship between the two drugs so close that proof of a conspiracy to distribute one tends to establish a conspiracy to distribute the other. Hence, the evidence relating to marijuana fits clearly within the indicated exceptions to the general rule concerning evidence of other offenses and, accordingly, was properly admitted.

*Affirmed.*