ALVIN RHODES

v.

COMMONWEALTH OF VIRGINIA

No. 1882-89-2

Decided May 7, 1991

COUNSEL

C. Ridgeway Schuyler, III (Rae H. Ely & Associates, on briefs), for appellant.

John H. McLees, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General; Birdie H. Jamison, Assistant Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—This criminal appeal challenges the sufficiency of the evidence to support the defendant's conviction of distributing an imitation controlled substance. We conclude that the evidence was insufficient to support the conviction. In doing so, we hold that an imitation controlled substance, as defined by Code § 18.2-247(B), must be one which has a disposition or tendency to be misused.

On September 29, 1988, the defendant sold a small vial of white crystal powder to an undercover police officer for $20. The defendant told the officer "that it was really good and that it was all rocks." The officer testified that the substance "looked exactly like rock cocaine." However, the State Laboratory analyzed the substance and reported that it was not a controlled substance. The lab report is silent as to the identity of the white powder in the vial and the Commonwealth offered no evidence at trial to identify the substance.

In finding the defendant guilty of distributing an imitation controlled substance, the trial judge stated that he believed the Commonwealth had proved that the white powder was "a substance that is subject to abuse." The trial judge said that he thought "a substance which in its appearance indicates that it is a drug and which, if distributed, shows people that they can take the drug safely when in fact they cannot" constitutes abuse of a substance.

Any person who distributes an imitation controlled substance is guilty of a Class 1 misdemeanor. Code § 18.2-248(C). An "imitation controlled substance" is any substance which: (1) is not a controlled substance; (2) is "subject to abuse"; and (3) by express or implied representations, purports to act like a controlled substance as a stimulant or recognized for use in that par-

ticular formulation for any purpose other than for such stimulant or depressant effect. Code § 18.2-247(B).

The parties disagree over the meaning of the phrase "subject to abuse." The appellant contends the Commonwealth, by failing to establish the identity of the substance, failed to prove beyond a reasonable doubt that the substance involved in this case was "subject to abuse." The Attorney General argues that "subject to abuse" means no more than that a substance can be ingested by means similar to those means by which a controlled substance can be ingested. In other words, if a substance can be eaten, inhaled or injected, it is, according to the Attorney General, "subject to abuse."

The Attorney General's argument, however, broadens the commonly accepted meaning of these words. "Subject to" means "having a disposition or tendency; liable (to)." *Webster's New World Dictionary* (2d College ed. 1970). "Abuse" means "to use wrongly; misuse." *Id.* The words of a statute must be given their plain meaning. *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). Therefore, before a substance may be an imitation controlled substance, it must be one which has a disposition or tendency to be misused or is liable to being misused.

No evidence was introduced as to the nature of the substance which the defendant sold. It could have been sugar, flour, or some inert substance with no particular propensity for misuse. On this record, the evidence was insufficient to establish that the substance had a disposition or tendency to being misused. Therefore, the Commonwealth failed to prove that the defendant distributed an imitation controlled substance as defined by Code § 18.2-247(B). For this reason, the appellant's conviction is reversed.

*Reversed.*

Coleman, J., and Cole, J.,* concurred.

---

* Judge Cole participated in the hearing and decision of this case prior to the effective date of his retirement on April 30, 1991.