**Alexandria**

ALEM WERRES

v.

COMMONWEALTH OF VIRGINIA

No. 1591-93-4

Decided February 21, 1995

COUNSEL

Suzanne Little, for appellant.

Eugene Murphy, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

COLEMAN, J.—Alem Werres was convicted in a bench trial of distributing cocaine and possessing an imitation controlled substance with the intent to distribute. He appeals the conviction for possessing an imitation controlled substance. Werres contends that: (1) the trial court erred in ruling that the 1992 amendment to Code § 18.2-247(B) changed the elements of the offense so as no longer to require proof that the imitation substance is a substance that is subject to abuse as set forth in *Rhodes v. Commonwealth*, 12 Va. App. 473, 475, 404 S.E.2d 522, 523 (1991), and (2) the evidence is insufficient to prove that he intended to distribute the imitation controlled substance. We find that the 1992 amendment to Code § 18.2-247(B) changed the elements of the offense to eliminate the requirement that the imitation substance is subject to abuse and that the evidence is sufficient to sustain the conviction.

I.

On February 6, 1993, at approximately 11:15 p.m., an Alexandria police officer observed Alem Werres place small off-white,

rock-like objects into the hand of Donald Johnson. Soon thereafter, a police officer stopped Johnson, at which time Johnson made a "flicking motion" with his hand. A second officer observed an off-white, almost bright "rock" lying against Johnson's tennis shoe. Other than this "rock," the sidewalk was clean. Johnson was arrested for possessing drugs. The "rock" that Werres had distributed to Johnson was determined to be cocaine.

After Johnson was arrested, the police arrested the defendant, Alem Werres. When an officer searched Werres, he found two "off-white, rock-like objects" in Werres' coat pocket, $302 in cash, and $9 in food stamps. A later station house search uncovered a pill bottle on Werres' person. Laboratory analysis indicated that the two white, bright "rocks" taken from Werres were not controlled substances. However, the analysis showed that the white pill bottle contained cocaine residue.

At trial, an officer testified that the two off-white, rock-like objects were consistent in appearance to crack cocaine.

## II.

As recently as 1991, we held that a conviction under Code § 18.2-247(B) for distribution of an imitation controlled substance requires the Commonwealth to prove, among other facts, that the imitation substance is a substance that is itself subject to being abused. *See Rhodes*, 12 Va. App. at 475, 404 S.E.2d at 523. In 1992, Senate Bill 434 amended Code § 18.2-247(B). We now decide the significance, if any, of that statutory amendment. *See Graybeal v. Commonwealth*, 228 Va. 736, 739, 324 S.E.2d 698, 699-700 (1985).

In construing statutes we presume "that a substantive change in law was intended by an amendment to an existing statute." *Dale v. City of Newport News*, 243 Va. 48, 51, 412 S.E.2d 701, 702 (1992). Furthermore, the rules of statutory construction provide that the "plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction." *Branch v. Commonwealth*, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992).

Pre-1992 Code § 18.2-247(B) stated:

> The term "imitation controlled substance" when used in this article means a pill, capsule, tablet, or substance in any form whatsoever which is not a controlled substance, *which is* subject to abuse.

(Emphasis added). As we determined in *Rhodes*, 12 Va. App. at 475, 404 S.E.2d at 523, the words "imitation controlled substance" in pre-1992 Code § 18.2-247(B) required proof of (1) a pill, capsule, tablet, or substance in any form whatsoever, (2) which is not a controlled substance, and (3) which is a substance that is subject to abuse. Specifically, in *Rhodes* we held that the Commonwealth is required to prove beyond a reasonable doubt that an imitation controlled substance is a substance that is "subject to abuse." 12 Va. App. at 475, 404 S.E.2d at 523. Consequently, the Commonwealth was required to prove the nature and character of the imitation controlled substance, and not simply prove the controlled substance that it was intended to imitate.

Code § 18.2-247(B), as amended in 1992, states:

> The term "imitation controlled substance" when used in this article means a pill, capsule, tablet, or substance in any form whatsoever which is not a controlled substance subject to abuse.

The 1992 amendment to Code § 18.2-247(B) removed the comma and the words "which is" preceding the words "subject to abuse." This amendment effectively deleted the entire subordinate clause. By deleting the comma and the subordinate clause, the legislature significantly changed not only the sentence's structure, but also its meaning. The legislature thereby substantively changed the definition of the statutory offense. *See Dale*, 243 Va. at 51, 412 S.E.2d at 702.

As the section previously read, the pre-1992 version with the subordinate clause, "which is subject to abuse," modified "pill, capsule, tablet, or substance in any form whatsoever." By eliminating the subordinate clause and by leaving in its stead the phrase, "subject to abuse," so that the phrase now modifies a different clause, "which is not a controlled substance," the legislature eliminated the requirement that the imitation substance be one that is itself subject to abuse. Thus, the change effectively broadens the definition of an imitation controlled substance to in-

clude any pill, capsule, tablet, or substance in any form whatsoever that by express or implied representation is intended or appears to imitate a controlled substance, but which is not a "controlled substance subject to abuse." *See* Code § 18.2-247(B)(1) and (2).

■ Following the 1992 amendment, Code § 18.2-247(B) does not require that the Commonwealth prove the identity of the imitation controlled substance. However, the Commonwealth now must prove that (1) the substance is "not a controlled substance subject to abuse," and either (2) that the substance

(a) by express or implied representations purports to act like a controlled substance as a stimulant or depressant of the central nervous system and which is not commonly used or recognized for use in that particular formulation for any purpose other than for such stimulant or depressant effect, unless marketed, promoted, or sold as permitted by the United States Food and Drug Administration.

Code § 18.2-247(B)(2), or,

(b) by overall dosage unit appearance, including color, shape, size, marking and packaging or by representations made, would cause the likelihood that such a pill, capsule, or tablet will be mistaken for a controlled substance unless such substance was introduced into commerce prior to the initial introduction into commerce of the controlled substance which it is alleged to imitate.

Code § 18.2-247(B)(1).

### III.

■ Next, the defendant contends that the evidence was insufficient to prove beyond a reasonable doubt that he possessed an imitation controlled substance with the intent to distribute it. When the sufficiency of the evidence is challenged on appeal, we view the evidence "in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom." *Higginbotham v. Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The verdict must not be overturned unless it is plainly wrong or without evidence to support it. *Davis v.*

*Commonwealth*, 12 Va. App. 728, 732, 406 S.E.2d 922, 924 (1991).

The evidence is sufficient to support the trial court's judgment. The substance in question was found in the defendant's possession. According to the lab report, the substance was not a "controlled substance" subject to abuse. An officer testified that the substance appeared to be crack cocaine. The fact finder found the substance and the crack cocaine introduced at trial to be "practically indistinguishable."

■ From the circumstances, the fact finder reasonably could have inferred that the defendant intended to distribute the "imitation controlled substance." By its nature, an imitation controlled substance has little or no use other than its commercial value in being misrepresented and sold as a controlled substance. A finder of fact may infer from evidence of a recent sale of a controlled substance, related by time and place to a similar substance still in the seller's possession, that the seller intended to distribute the substance he or she still possessed. *Wilkins v. Commonwealth*, 18 Va. App. 293, 298-99, 443 S.E.2d 440, 444 (1994). Immediately before finding Werres in possession of imitation crack cocaine, a police officer observed him selling crack cocaine to Johnson. Werres also had in his possession a white plastic vial that contained cocaine residue and $302 in cash. The fact finder is entitled to consider and weigh all circumstances that tend to prove a person's intent. *Adkins v. Commonwealth*, 217 Va. 437, 439-440, 229 S.E.2d 869, 871 (1976).

On these facts, the trial judge as the fact finder reasonably could have found that Werres intended to distribute the imitation crack cocaine that he possessed. Thus, the evidence was sufficient to sustain the conviction for possession of an imitation controlled substance with the intent to distribute.

We, therefore, affirm the trial court's judgment of conviction.

*Affirmed.*

Barrow, J., and Willis, J., concurred.