COURT OF APPEALS OF VIRGINIA

Present: Judge Benton, Senior Judge Cole and
          Retired Judge Trabue[*]
Argued at Richmond, Virginia

DANIEL THOMAS COX

v.    Record No. 2177-93-2            MEMORANDUM OPINION[**] BY
                                      JUDGE MARVIN F. COLE
COMMONWEALTH OF VIRGINIA                    MAY 9, 1995

          FROM THE CIRCUIT COURT OF HANOVER COUNTY
                 Richard H. C. Taylor, Judge

          J. Overton Harris (Hugh S. Campbell; Campbell,
       Campbell, Herbert & Harris, P.C., on brief), for
       appellant.

          Kathleen B. Martin, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on brief),
       for appellee.


     On appeal from his convictions of first degree murder and
use of a firearm in the commission of a felony, Daniel Thomas Cox
contends that the trial judge erred in admitting evidence of a
prior bad act.  We hold that the evidence was properly admitted.
 Therefore, we affirm.

     On March 19, 1993, the appellant shot and killed his wife.
At a pretrial hearing on his motion in limine, the appellant
contested the Commonwealth's presentation of evidence of the
appellant's prior bad acts involving incidents of previous
marital difficulties between the appellant and the victim.  The

---

[*]Retired Judge Kenneth E. Trabue took part in the
consideration in this case by designation pursuant to Code
§ 17-116.01.

[**]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

trial judge overruled the motion, stating that the relationship between the victim and the appellant was relevant evidence.

At appellant's trial Erin Moran testified, over the appellant's objection, that eighteen months before the murder she and her companion spent an evening playing cards and other games with the appellant and the victim. Moran testified that the victim and the appellant "exchanged cross words." The appellant then pushed the victim, causing her to hit her head on the corner of the kitchen cabinet. The appellant and the victim "scuffled" until Moran and her companion ended the fight.

As a general rule, evidence that shows or tends to show crimes or other bad acts committed by the accused "is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged." Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). But the exceptions to the general rule are as well established as the rule itself. Morton v. Commonwealth, 227 Va. 216, 222, 315 S.E.2d 224, 228, cert. denied, 469 U.S. 862 (1984).

In Sutphin v. Commonwealth, 1 Va. App. 241, 337 S.E.2d 897 (1985), this Court enumerated the most common issues and elements for which evidence of prior crimes and bad acts are potentially relevant:

> (1) to prove motive to commit the crime charged; (2) to establish guilty knowledge or to negate good faith; (3) to negate the possibility of mistake or accident; (4) to show the conduct and feeling of the accused toward his victim, or to establish their prior relations; (5) to prove opportunity;

2

> (6) to prove identity of the accused as the
> one who committed the crime where the prior
> criminal acts are so distinctive as to
> indicate a modus operandi; or (7) to
> demonstrate a common scheme or plan where the
> other crime or crimes constitute a part of a
> general scheme of which the crime charged is
> a part.

Id. at 245-46, 337 S.E.2d at 899.

Malice, motive, intent, and the relationship between the accused and the victim are relevant matters for the consideration of the jury in a murder trial. The trial judge specifically found that evidence of the prior relationship between the appellant and the victim was relevant evidence and admitted the evidence of the prior bad act for this purpose. Thus, the evidence was not admitted as tending to prove that the appellant killed the victim, "but for the purpose of showing the relations between the parties, their state of feeling and course of conduct towards each other, and as reflecting light upon the motive and intent with which the act was done." O'Boyle v. Commonwealth, 100 Va. 785, 792, 40 S.E. 121, 123 (1901). See also Smith v. Commonwealth, 239 Va. 243, 256, 389 S.E.2d 871, 878, cert. denied, 498 U.S. 881 (1990); Gibson v. Commonwealth, 216 Va. 412, 415-16, 219 S.E.2d 845, 848 (1975), cert. denied, 425 U.S. 994 (1976). The evidence also tended to prove that the killing was not accidental.

Moreover, the probative value of this evidence was not defeated by its remoteness in time from the crime charged.
> [T]he test is whether the evidence of prior
> character is "so distant in time as to be

> void of real probative value in showing
> present character."
>
> . . . Once a nexus for relevancy of prior
> conduct or character has been established
> . . . the issue of remoteness concerns the
> weight of the evidence and the credibility of
> the witnesses, both of which are within the
> province of the jury.

Lafon v. Commonwealth, 17 Va. App. 411, 419, 438 S.E.2d 279, 284 (1993) (citations omitted).  In this case, eighteen months was not sufficient to eradicate all probative value.  Further, the trial judge correctly found that the fact that the incident occurred about eighteen months before the murder related only to the weight to be afforded the evidence, which was for the jury to determine.  See O'Boyle, 100 Va. at 792, 40 S.E. at 123. Therefore, the trial judge did not abuse his discretion in admitting the evidence.

For the reasons stated, the judgment of the trial court is affirmed.


Affirmed.

BENTON, J., dissenting.

Daniel Cox did not deny that he fired the gun that discharged the bullet that killed his wife. His defense to the murder indictment was that the bullet accidentally hit her. The physical evidence was consistent with Cox's defense.

The Commonwealth's forensic expert testified that the bullet fragment recovered from the body of Cox's wife was "consistent with that bullet having struck something before it went into the head." The forensic expert also testified that the irregular shaped entrance wound "confirms or . . . it supports the idea that the bullet has struck something prior to hitting [the body]." She testified that it was possible that the bullet struck a defect that she had examined in the kitchen floor, deflected at an angle of ricochet, and hit Cox's wife in the head.

In Cox's defense, Cox presented evidence from his own ballistic expert who similarly testified that the bullet had in fact ricocheted before hitting Cox's wife. The ballistic expert also testified that the defect on the floor could have been the point from which the bullet ricocheted.

Despite the physical evidence, the Commonwealth argued that evidence of an event of marital disharmony was relevant and admissible to prove that the bullet did not accidentally enter Cox's wife's head and cause her death. The trial judge agreed and allowed the Commonwealth to prove, over Cox's objection, that

5

Cox and his wife "scuffled" more than eighteen months prior to the death of Cox's wife. I disagree with the majority's holding that the evidence was admissible.

As a general rule, evidence that an accused has committed bad acts other than the offense for which the accused is being tried is inadmissible. Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). In addition, the following rule is well established:

> Evidence which has no tendency to prove guilt, but only serves to prejudice an accused, should be excluded on the ground of lack of relevancy. For evidence to be admissible it must relate and be confined to the matters in issue and tend to prove an offense or be pertinent thereto. Evidence of collateral facts or those incapable of affording any reasonable presumption or inference on matters in issue, because too remote or irrelevant, cannot be accepted in evidence.

Bunting v. Commonwealth, 208 Va. 309, 314, 157 S.E.2d 204, 208 (1967).

Evidence that proved Cox and his wife quarrelled and scuffled while drinking and playing cards one year and six months prior to the death of Cox's wife was not relevant to negate accident or to prove any element at Cox's murder trial. Other than an exchange of cross words, nothing is known about the nature or circumstances of that incident. "The fact that he had [pushed] her at some previous time without any evidence as to the circumstances or the character or effect of it, furnishes no proof that he willfully, deliberately and premeditatedly killed

6

her on this occasion." <u>Williams v. Commonwealth</u>, 203 Va. 837, 840, 127 S.E.2d 423, 425-26 (1962). Furthermore, this prior event did not involve a gun and was not so "strikingly similar[]" as the events on the night of Cox's wife's death. <u>Lafon v. Commonwealth</u>, 17 Va. App. 411, 418, 438 S.E.2d 279, 284 (1993). It bore no nexus to the incident for which Cox was being tried. Nothing about the earlier event had any tendency to prove whether the bullet from the gun was deliberately or accidentally discharged.

Moreover, even if one assumes that factual relevance had been established, the trial judge was required to exclude evidence of a prior bad act when "the expanse of time has truly obliterated all probative value." <u>Id.</u> at 419, 438 S.E.2d at 284. Thus, to be admissible, the prior event must be "'sufficiently connected in time and circumstances with the homicide as to be likely to characterize'" Cox's conduct toward his wife in order to be admissible. <u>Id.</u> (citation omitted). In this case, an incident whereby a married couple "exchanged cross words" over eighteen months prior to the death of one of the parties is simply too remote in time to have any probative value regarding the deliberate or accidental nature of the shooting.

The evidence tended only to prove to the jury that Cox had a "propensity [for violence and] tend[ed] to reverse his presumption of innocence." <u>Lewis v. Commonwealth</u>, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983). "The only purpose it could

7

serve, and the only effect it would have, was to prejudice [Cox] in the minds of the jury."  <u>Williams</u>, 203 Va. at 840, 127 S.E.2d at 426.

I would hold, therefore, that the trial judge erred in admitting the evidence.  Thus, I would reverse the conviction.