COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Willis and Elder
Argued at Richmond, Virginia


WALTER E. PATTERSON, JR.
                                    MEMORANDUM OPINION* BY
v.    Record No. 2340-96-2       CHIEF JUDGE NORMAN K. MOON
                                         NOVEMBER 4, 1997
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
                    William R. Shelton, Judge

            Bradley N. Wall for appellant.

            (Richard Cullen, Attorney General; Ruth Ann
            Morken, Assistant Attorney General, on
            brief), for appellee.


        Walter E. Patterson, Jr. appeals his conviction, after a
bench trial, of three counts of distributing imitation Schedule
II controlled substances in violation of Code § 18.2-248(G).
Patterson asserts that the evidence was insufficient to sustain
his conviction.  We agree and, therefore, reverse and dismiss.

        On September 3, 1994, James Warren ("Warren") bought cocaine
from Alan Haden ("Haden").  Warren believed Haden shorted him in
the transaction, so when he saw the man he believed was Haden's
supplier at Scott Robertson's ("Robertson") house, he asked him
to make up the difference.  The man gave Warren a substance
appearing to be cocaine.  Warren mixed the substance with the
cocaine obtained from Haden, ingested it, and collapsed.
Warren's wife administered CPR, and Warren was hospitalized.

_____
        *Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

Warren had never experienced such a reaction when using cocaine. Warren testified that although he identified Patterson in a photographic lineup as being the man whom he believed made up the deficiency, after seeing Patterson in court, he could not identify Patterson as the supplier.

Robertson was also a regular user of cocaine who previously had not experienced any abnormal physical reactions to cocaine. After being granted immunity, he testified that Patterson was the man who gave Warren the substance appearing to be cocaine. He identified Patterson both in a photographic lineup and in court. He testified that, as compensation for using his home for the transaction with Warren, Patterson gave him and Doug Hursey ("Hursey"), a friend and frequent cocaine user, some of the same substance he had given to Warren. Robertson ingested the substance and became ill.

Hursey testified that the supplier was a black man named "Walter." Nevertheless, he also testified that he never saw "Walter" and thus could not identify anyone as being that man. Hursey testified that Robertson said "Walter" left the substance for the two of them. After ingesting the substance, Hursey became extremely ill.

Patterson contends that the evidence was insufficient to sustain his conviction because the witnesses' testimony did not establish beyond a reasonable doubt that he was the supplier. Patterson also contends that the evidence did not establish beyond a reasonable doubt that the substance distributed was an

imitation controlled substance.

### Identity

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  Robertson identified Patterson both in a photographic lineup and in court.  Robertson's testimony was not contradicted; in fact, Warren's photographic identification corroborated Robertson's testimony.  We, therefore, hold that the evidence was sufficient to support the identification of Patterson.

### Imitation Controlled Substance

Patterson also contends that the evidence did not establish beyond a reasonable doubt that the substance distributed was an imitation controlled substance.  To sustain a conviction of distributing imitation Schedule II controlled substances in violation of Code § 18.2-248(G), the Commonwealth must prove "that the substance . . . `by express or implied representations purport to act like a controlled substance . . . [or] by overall dosage unit appearance . . . would cause the likelihood that such a [substance] will be mistaken for a controlled substance.'" Werres v. Commonwealth, 19 Va. App. 744, 748, 454 S.E.2d 36, 38 (1995) (quoting Code § 18.2-247(B)(1-2)).  All three witnesses' testimony suggests that they believed the substance was cocaine based on its appearance and the reason for which the man gave it to them (to make up for the deficiency and as compensation for

use of Robertson's home).

The Commonwealth also bears the burden of proving that the substance Patterson distributed is "not a controlled substance subject to abuse."  Code § 18.2-247(B).  No evidence was introduced to prove that the substance was not cocaine.  Indeed, a reasonable inference is that the substance could have been cocaine that was merely "cut" with another substance.  Because the Commonwealth failed to prove a necessary element of the crime, we reverse and dismiss.

<u>Reversed and dismissed.</u>