515 S.E.2d 320

## Patrick Sean COOPER

v.

## COMMONWEALTH of Virginia.

### Record No. 3073–97–4.

Court of Appeals of Virginia,
Alexandria.

June 15, 1999.

28

Elizabeth Ippolito, Assistant Public Defender, for appellant.

Donald E. Jeffrey, III, Assistant Attorney General (Mark L. Earley, Attorney General, on brief), for appellee.

Present: ANNUNZIATA and BUMGARDNER, JJ., and HODGES, Senior Judge.

BUMGARDNER, Judge.

Patrick Sean Cooper appeals his conviction for possession of an imitation controlled substance with the intent to distribute it. He argues that the trial court erred in admitting other crimes evidence and that the evidence was insufficient to prove he intended to distribute the substance. Concluding that the evidence was properly admitted during his bench trial and that the evidence was sufficient to sustain the conviction, we affirm.

On appeal, we view the evidence in the light most favorable to the Commonwealth, granting all reasonable inferences fairly deducible from it. *See Archer v. Commonwealth*, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997). In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, *see Cirios v. Commonwealth*, 7 Va.App. 292,

295, 373 S.E.2d 164, 165 (1988), and not substitute our judgment for that of the fact finder. *See Cable v. Commonwealth,* 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992). The trial court's ruling will not be disturbed on appeal unless plainly wrong or without evidence to support it. *See George v. Commonwealth,* 242 Va. 264, 278, 411 S.E.2d 12, 20 (1991), *cert. denied,* 503 U.S. 973, 112 S.Ct. 1591, 118 L.Ed.2d 308 (1992); *Smith v. Commonwealth,* 17 Va.App. 68, 71, 435 S.E.2d 414, 416 (1993). Finally, the credibility of the witnesses and the weight to be accorded their testimony are matters solely for the fact finder who can accept or reject the testimony in whole or in part. *See Bridgeman v. Commonwealth,* 3 Va.App. 523, 528, 351 S.E.2d 598, 601 (1986).

Alexandria Police Officer Ballenger arrested the defendant on an outstanding warrant and found five individually packaged rocks of fake crack cocaine when searching him. The officer asked if the substance was "demo" which is slang for fake crack cocaine. The defendant replied, "[y]ou know it." Officer Ballenger testified that the individually wrapped substance resembled crack cocaine in every respect, and was more consistent with distribution than with personal use. He also testified that there was no reason for an individual "to intentionally purchase fake crack cocaine."

Over objection, a state trooper testified that approximately two months earlier he made an undercover purchase from the defendant of what turned out to be fake cocaine. He was attempting to purchase crack cocaine from the defendant who gave him two packages apparently containing crack but which tested negative for cocaine. The imitation substance and the certificate of analysis from the earlier sale were admitted into evidence.

The defendant testified that a friend had shown him the fake cocaine and handed it to him just as the police arrived. He was left holding it as his friend walked away, so he put it in his pocket in order not to draw attention to himself. He denied possessing it with intent to distribute it.

■ The defendant contends that the trial court erred in admitting testimony of the prior sale of imitation cocaine. We disagree. Generally, evidence that the accused committed other crimes is inadmissible to prove guilt of the crime for which the accused is on trial, though the other crimes are of the same nature as the one charged in the indictment. *See Kirkpatrick v. Commonwealth,* 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). However, the exceptions to the general rule are as well established as the rule itself. *See Morton v. Commonwealth,* 227 Va. 216, 222, 315 S.E.2d 224, 228, *cert. denied,* 469 U.S. 862, 105 S.Ct. 198, 83 L.Ed.2d 130 (1984). A recognized exception to the general rule is admitting the evidence to prove intent. *See* Charles E. Friend, *The Law of Evidence in Virginia* § 12–15 (4th ed.1993).

■ When the Commonwealth uses intent as the basis to admit evidence of prior offenses, a clear nexus must exist between intent and the charge at hand. The nexus must be greater than the basic recitation that intent is an element of the offense because intent is an element of any offense. "To conclude otherwise is to allow the exception in *Kirkpatrick* to swallow the general rule." *Hill v. Commonwealth,* 17 Va.App. 480, 486, 438 S.E.2d 296, 300 (1993). Intent must be genuinely at issue. *See Blaylock v. Commonwealth,* 26 Va.App. 579, 496 S.E.2d 97 (1998).

■ In this case, intent and the charge did have the required connection. The only issue was whether the defendant intended to distribute the substance. If he did not so intend, his possession was innocuous. The item itself was not contraband; it was not a crime to possess it.

*Guill v. Commonwealth,* 255 Va. 134, 140, 495 S.E.2d 489, 492 (1998), held that when relying on the intent exception, a logical connection must exist between the earlier offense and the one being tried before the probative value can outweigh the prejudice. The logical connection also exists in this case. If there is no reason to possess except to distribute and if the defendant has distributed when he previously possessed, it is

logical to deduce that the defendant intended to distribute when he possessed this time.

Officer Ballenger testified he never knew anybody to purchase fake crack cocaine intentionally. This Court acknowledged in *Werres v. Commonwealth*, 19 Va.App. 744, 749, 454 S.E.2d 36, 39 (1995), "by its nature, an imitation controlled substance has little or no use other than its commercial value in being misrepresented and sold as a controlled substance." Accordingly, it is proper to reason that anyone who possessed fake crack cocaine intended to sell it. The evidence that the defendant sold fake crack when he previously possessed it logically supports both the major premise as stated in *Werres* and the conclusion that the Commonwealth urges. The evidence of the defendant's prior possession strengthens the correctness of the premise that all who possess fake crack do so with the intent to sell the substance. It strengthens the accuracy of the conclusion drawn from it, that the defendant possessed with the intent to sell.

■ Not only was the evidence admissible to show intent, but also it was admissible under at least two other exceptions to the rule forbidding admission of other crimes evidence. *See* Friend, *supra.* The evidence of the defendant's prior conduct showed his motive for possessing a substance for which no use exists except to misrepresent its true nature and sell it as a controlled substance. The evidence also rebutted the defendant's testimony that a friend had just handed him the substance, and he was innocently looking at it when the police arrived.

■ In weighing the prejudice of the evidence versus its probative value as required by *Guill*, the prejudice stemming from distributing an imitation substance is much less than that arising from prior possession of an illegal substance. Knowledge a defendant possessed illegal drugs can inflame a fact finder into misusing the evidence. The volatility is lower when the evidence does not involve illegal drugs. It is less likely that the trier of fact will misuse the evidence and convict simply because the defendant has a propensity for wrong

doing. The legitimate probative value of the other crimes evidence outweighs the incidental prejudice in this case. *See Woodfin v. Commonwealth,* 236 Va. 89, 95, 372 S.E.2d 377, 380–81 (1988), *cert. denied,* 490 U.S. 1009, 109 S.Ct. 1649, 104 L.Ed.2d 163 (1989).

■ The evidence was sufficient to find the defendant intended to distribute the fake substance when he was found in possession of it. In addition to the prior sale by him, the evidence shows that he knew the true nature of the substance and that "demo" was used for sale. Imitation cocaine had no real value other than to be sold as a controlled substance. Finally, the defendant's explanation was not credible. When a fact finder concludes a defendant's testimony is incredible, it can infer the defendant lied to conceal his guilt. *See Speight v. Commonwealth,* 4 Va.App. 83, 88, 354 S.E.2d 95, 98 (1987).

Concluding that the trial court did not err, we affirm the conviction.

*Affirmed.*

ANNUNZIATA, Judge, dissenting.

I respectfully dissent because the challenged evidence in this case fails to meet the requirements of admissibility established by controlling law.

It has long been settled that "other crimes" evidence not having " 'such necessary conne[c]tion with the transaction then before the court as to be inseparable from it' " is irrelevant and inadmissible. *Guill v. Commonwealth,* 255 Va. 134, 139, 495 S.E.2d 489, 492 (1998) (quoting *Walker v. Commonwealth,* 28 Va. (1 Leigh) 574, 580 (1829)). The Virginia Supreme Court has stated that the test for admission of evidence of other crimes is met when there is " 'a causal relation or logical and natural connection between the two acts, or they . . . form parts of one transaction.' " *Id.* at 140, 495 S.E.2d at 492 (quoting *Barber v. Commonwealth,* 182 Va. 858, 868, 30 S.E.2d 565, 569 (1944)). Proceeding from this foundational requirement, Virginia appellate courts have repeatedly rejected the admission of evidence of separate and unrelated prior drug

transactions to show a defendant's sale of drugs or possession of drugs with the intent to distribute. *See Donahue v. Commonwealth,* 225 Va. 145, 154–56, 300 S.E.2d 768, 773–74 (1983); *Eccles v. Commonwealth,* 214 Va. 20, 21–22, 197 S.E.2d 332, 332–33 (1973); *Boyd v. Commonwealth,* 213 Va. 52, 52–53, 189 S.E.2d 359, 359–60 (1972); *Hill v. Commonwealth,* 17 Va.App. 480, 485–87, 438 S.E.2d 296, 299–300 (1993); *Wilson v. Commonwealth,* 16 Va.App. 213, 219–23, 429 S.E.2d 229, 233–35, *aff'd on reh'g en banc,* 17 Va.App. 248, 436 S.E.2d 193 (1993).

The majority concludes that the required logical connection between the defendant's prior sale of imitation cocaine and the crime charged is established by the nature of the substance in question. Specifically, it states that the two crimes are logically connected because the possession of imitation cocaine has only one purpose, which is distribution, and that the defendant's prior sale confirms his purpose in this case. Based on the majority's reasoning, evidence of prior sales of imitation drugs could never be excluded as improper in a subsequent prosecution for distribution or possession with the intent to distribute, a result I believe is beyond the contemplation of both statutory and case law.

I believe the majority's reasoning is flawed in two respects. First, the majority fails to consider that one might innocently possess imitation cocaine, an act not prohibited under Virginia's penal law. Thus, its threshold premise that only a criminal purpose inheres in the possession of imitation cocaine is incorrect. Second, the majority's reasoning that the defendant's prior sale of imitation cocaine supports the conclusion that he possessed the substance in this instance only for the purpose of distribution begs the question of whether the required nexus between the two occurrences exists. Evidence must first be properly admitted before it may be relied upon to establish by inference that the crime charged has been committed. The "nexus" the majority identifies here is merely the tendency of the challenged evidence to show the defendant's propensity to distribute imitation cocaine, an improper basis for admission. *See id.* at 139, 495 S.E.2d at 492 ("[T]he

admission of such 'other crimes' evidence is prohibited when its only purpose is to show that the defendant has a propensity to commit crimes or a particular type of crime and, therefore, probably committed the offense for which he is being tried.").

Applying the principles set forth in *Guill,* I find the required nexus between the defendant's prior sale of imitation cocaine and the present charge to be lacking in this case. The defendant's sale of imitation cocaine, nearly two and one-half months before the charged offense, was a separate act without logical or intimate connection with the defendant's present charge of possession of imitation cocaine with the intent to distribute. Likewise, there is no evidentiary basis upon which to find that the defendant's previous sale and the present charge form parts of a single transaction. *See id.* at 139–40, 495 S.E.2d at 492. As such, I would hold that the evidence at issue was irrelevant and its admission was improper and prejudicial to the defendant because it showed only the defendant's propensity to commit the crime charged. *See id.; Wilson,* 16 Va.App. at 223, 429 S.E.2d at 235.

For the reasons stated above, I also disagree with the majority's conclusion that the evidence of another crime was admissible to show the defendant's motive in the present offense.

Finally, I cannot agree with the conclusion that evidence of the defendant's prior crime was admissible to rebut the defendant's testimony. Unlike *Satterfield v. Commonwealth,* in which we held that evidence of the defendant's previous drug distribution activities was properly admitted to rebut his contention that he only intended to use drugs found in his possession, the risk of misleading the fact finder in the absence of the evidence at issue did not exist in this case. *See* 14 Va.App. 630, 635–37, 420 S.E.2d 228, 231–32 (1992); *see also Scott v. Commonwealth,* 228 Va. 519, 526–27, 323 S.E.2d 572, 577 (1984). *Cf. Hill,* 17 Va.App. at 487, 438 S.E.2d at 300 (holding that evidence of prior drug sales was inadmissible to establish the defendant's intent to distribute when the defendant did not actively challenge his intent at trial; "the prior

offense was not necessary to show intent in the context of the Commonwealth's other evidence, and there was no risk of misleading the jury in the absence of the prior offense evidence").

I would further find the erroneous admission of the evidence was not harmless. "A nonconstitutional error is harmless if 'it plainly appears from the record and the evidence given at trial that the error did not affect the verdict.'" *Scott v. Commonwealth*, 18 Va.App. 692, 695, 446 S.E.2d 619, 620 (1994) (quoting *Lavinder v. Commonwealth*, 12 Va.App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (*en banc*)). "'An error does not affect a verdict if a reviewing court can conclude, without usurping the [fact finder's] function, that had the error not occurred, the verdict would have been the same.'" *Id.*

Based on my review of the record, I cannot conclude without usurping the role of the fact finder that the trial court's error was harmless.

> [W]hen the trial judge erroneously and unconditionally admits prejudicial evidence, we cannot presume that the trial judge disregarded that evidence which he ruled to have probative value. While a judge is uniquely qualified by training, education and experience to disregard potentially prejudicial aspects of inadmissible evidence in the ultimate adjudication of the issue, we cannot assume that the judge has done so where the judge's rulings indicate otherwise.

*Wilson*, 16 Va.App. at 223, 429 S.E.2d at 235–36 (citations omitted). At trial, the evidence of the defendant's intent was in conflict. Although the defendant admitted he knew the substance found in his possession was imitation cocaine, the police did not observe the defendant engage in any behavior indicative of drug selling and did not find any characteristic tools of the drug trade on his person at the time of his arrest on the street. Furthermore, the defendant testified that friends had been showing him the imitation cocaine just before the police arrested him and that he never "form[ed] an opinion of what [he] was going to do with the substance." Thus, without evidence of the defendant's prior sale of imitation

cocaine, I cannot conclude that it plainly appears the trial judge would have disbelieved the defendant's testimony and found the evidence sufficient beyond a reasonable doubt to support a conviction.

For the foregoing reasons, I would hold that the trial court's error in admitting the evidence of defendant's prior crime was not harmless, and I would reverse the defendant's conviction.