COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Lemons[*] and Frank
Argued at Norfolk, Virginia


TINA MARIE SAMUEL

                                    MEMORANDUM OPINION[**] BY
v.    Record No. 2172-98-1           JUDGE ROBERT P. FRANK
                                         APRIL 25, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
                   AND COUNTY OF JAMES CITY
                   Samuel T. Powell, Judge

          Edward Janes Bell, III, for appellant.

          Marla Graff Decker, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Tina Marie Samuel (appellant) appeals her conviction of grand

larceny after a bench trial on June 26, 1998.  On appeal,

appellant contends that the evidence was not sufficient to prove

that she stole property from a Liz Claiborne store having a value

of $200 or more.  We disagree and affirm the conviction.

                        I.  BACKGROUND

     On January 30, 1998, Officer Meyers of the James City County

Police Department responded to a report from an outlet mall that a

_____

     [*] Justice Lemons participated in the hearing and decision of
this case prior to his investiture as a Justice of the Supreme
Court of Virginia.

     [**] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

black female (Jones) and a person who appeared to be a black male, later identified as appellant, possibly were shoplifting from stores in the mall. One of the women was described as wearing a long denim dress, and the two women were believed to be traveling in a small, black car with Georgia license plates.

Officer Meyers and Officer Wilson patrolled the shopping center looking for the suspects. When Officer Meyers drove past the Liz Claiborne store, she saw a black female, who fit the description of one of the suspects, inside the shop. Officer Meyers parked her vehicle and started to approach the Liz Claiborne store. She noticed a small, black car with Georgia license plates in the parking lot. In the back seat of the car, Officer Meyers saw four large duffel bags filled with clothing that was still on clothes hangers. All of the duffel bags were in plain view from outside the vehicle.

After appellant and Jones exited the Liz Claiborne store, the Liz Claiborne employees told Officer Meyers that the women bought two pairs of pants.

Appellant and Jones next went to the Guess store where Officer Meyers approached them and told them they were suspected of shoplifting. Jones was carrying a paper bag from Liz Claiborne. Officer Meyers asked if she could look in the bag, and Jones consented. The officer saw two pairs of pants in the top of the bag, under which were four pairs of pants that were still on clothes hangers. The pants in the top of the bag were folded over

the other four pairs and were tucked around the sides so that the pants underneath were not visible.  The pants had Liz Claiborne tags on them.

At the scene, a Liz Claiborne employee identified the two pairs of pants in the top of the bag as the pants the women purchased.  The other four pairs, however, had not been paid for at the store.

The officer proceeded to advise appellant of her Miranda rights, and then appellant stated that the pants were stolen and that there was more stolen clothing in the small black car.  Shortly thereafter, Jones gave the keys to the black car to the officers, and the officers inventoried the merchandise in the car.

Officer Meyers testified that most of the clothing in the car still had store tags and price tags attached.  Some of the clothing was marked with Liz Claiborne tags.  That clothing, in addition to the four pairs of pants discovered by Officer Meyers in the bottom of the bag, was returned to the Liz Claiborne store.

Amanda Hunter, front-end supervisor of the Liz Claiborne store, testified at trial.  She stated that the two women entered the store on January 30, 1998.  Appellant tried on clothing in the dressing room, and Jones purchased two pairs of men's pants.  Hunter identified the four pairs of pants Officer Meyers recovered from the bottom of the Liz Claiborne bag as the type of pants sold in the Liz Claiborne outlet store on January 30, 1998.  The pants

-

were a specific brand that was sold only in outlet stores and had Liz Claiborne tags attached to them.

Hunter further testified that the officers returned eight additional items of Liz Claiborne merchandise to the store. Hunter stated that the eight items were labeled with Liz Claiborne tags that showed the clothing was made for outlet stores only and was of the type sold in the Liz Claiborne store on January 30, 1998.

Hunter testified that she scanned each of the items returned by the police through the store's computer system. She explained that, when a sale is completed, the computer system immediately subtracts the items purchased from the store's inventory list. When Hunter scanned the returned items, the computer showed the quantity of each item of clothing that should have been in the store. The returned clothing plus the garments in the store added up to the quantity the inventory list showed for each particular type of clothing. Hunter testified that the total value of the clothing returned to the Liz Claiborne store was $888.88. On cross-examination Hunter admitted, but stated that it would be almost impossible, that the clothing could have come from another Liz Claiborne outlet store in Waynesboro if the other store sold the same item in the same department.

Appellant admitted at trial that she stole the four pairs of pants from the Liz Claiborne store. Appellant further testified that the Liz Claiborne items found in the black car belonged to

-

her.  Appellant testified that she left Georgia on the morning of January 30, 1998, drove to North Carolina to visit her father, and then drove straight to Williamsburg.

## II.  ANALYSIS

> When considering the sufficiency of the evidence on appeal of a criminal conviction, we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom.  The [fact finder's] verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it.

Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988) (citations omitted).  "[T]he credibility of the witnesses and the weight to be accorded their testimony are matters solely for the fact finder who can accept or reject the testimony in whole or in part."  Cooper v. Commonwealth, 30 Va. App. 26, 29, 515 S.E.2d 320, 321 (1999) (citing Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986)).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

Appellant admitted to stealing the four pairs of pants in the bottom of the Liz Claiborne bag and told Officer Meyers that there was additional stolen property in the small, black car.  The officers found clothing in the back seat of the black car bearing

-

Liz Claiborne tags.  At trial, appellant testified that the clothing found in the car belonged to her.  Hunter identified the clothing recovered from the vehicle as of the type sold in the Liz Claiborne outlet on January 30, 1998 and testified that the quantity of the items returned by the police matched the store's computer inventory for each of the particular types of clothing. Hunter further testified that the clothing in the car was marked made for outlet only and could only have come from an outlet store.  Hunter said that the only other Liz Claiborne outlet store in Virginia was located in Waynesboro.  Appellant testified that she drove from Georgia to North Carolina and then to Williamsburg on the morning of January 30, 1998.  She did not stop at the Liz Claiborne store in Waynesboro.

From the foregoing facts, the record supports the trial court's judgment that appellant stole clothing from the Liz Claiborne store in excess of $200.

For these reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>