COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Willis and Annunziata
Argued at Richmond, Virginia


GERALD LEE PAYNE

                                    MEMORANDUM OPINION* BY
v.    Record No. 2073-99-2          JUDGE SAM W. COLEMAN III
                                        DECEMBER 19, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                Arthur W. Sinclair, Judge Designate

            Vanessa H. Watson, Assistant Public Defender,
            (Office of the Public Defender, on brief),
            for appellant.

            Amy L. Marshall, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


        Gerald Lee Payne was convicted in a jury trial of

distribution of cocaine.  On appeal, Payne argues that the trial

court erred by admitting into evidence statements he made to the

arresting officer concerning his prior drug use.  Payne contends

that the statements were inadmissible evidence of prior bad acts

because they were irrelevant to prove an element of the charged

offense.  He argues that the Commonwealth failed to show a causal

relation or logical connection between his prior drug use and the

charged offense sufficient to permit introduction of the evidence.

─────────────────────
        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

We agree.  Accordingly, we reverse the conviction and remand the case to the trial court.

BACKGROUND

Charlottesville Police Officer Paul Best was on routine foot patrol at approximately 12:25 p.m. when he observed Payne engaged in what Best believed to be a hand-to-hand drug transaction.  Best saw Payne and Wilbur Johnson standing in the road of a "known drug area" looking at Johnson's right hand, which was palm-side up.  Best saw Payne place a small plastic bag containing an off-white substance into Johnson's hand.  Best did not see any money exchange hands.  Johnson and Payne briefly looked at the item before discovering that Best was watching them.  Payne then pushed Johnson's hand into Johnson's stomach and walked away.

Best approached Johnson, told Johnson that he saw the cocaine, and requested that Johnson give it to him.  After Johnson gave Best the plastic bag, Johnson was arrested, handcuffed, and placed in a police vehicle.  As Best was talking to Johnson, Best observed Payne walking away but glancing back several times in their direction.  Best apprehended Payne and arrested and handcuffed him.  After the arrest, Payne told Best that "he [Payne] didn't understand how he could be arrested for [distributing] cocaine when Mr. Johnson didn't give him any money for it."  Payne also told Best that "he [Payne] had used crack cocaine in the past, that he had used it the night before and that

- 2 -

he had used it about three times during the month of October." At trial, Officer Best was permitted to testify, over Payne's objection, what Payne had told him when arrested about having used cocaine in the past, having used it the night before and about three times during the month of October, and about no money having been exchanged for the cocaine.

Payne testified, on the other hand, to a different version of what had occurred. He stated that he had seen Johnson on his bicycle stopped in the street. When Payne approached, Johnson showed him the plastic bag, which Johnson said he had found in the street. Johnson handed Payne the bag and asked Payne if he thought the contents "was real." Payne replied he did not know and handed the bag back to Johnson. Payne denied having seen Best watching him. Payne also denied asking Best how he could be arrested for distributing cocaine when he did not receive any money from Johnson, and Payne denied telling Best that he used cocaine in the past.

The substance seized in the plastic bag was tested and determined to be cocaine.

### ANALYSIS

"[I]n a criminal prosecution, proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times, even though they are of the same nature as the one charged in the indictment, is incompetent

and inadmissible for the purpose of showing the commission of the particular crime charged." Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970).  However, "[e]vidence of 'other crimes' is relevant and admissible if it tends to prove any element of the offense charged.  Thus, evidence of other crimes is allowed when it tends to prove motive, intent, or knowledge of the defendant." Guill v. Commonwealth, 255 Va. 134, 138, 495 S.E.2d 489, 491 (1998) (citation omitted).  "In order for evidence that the accused has committed other crimes to be admissible, it need only be relevant to prove a material fact or issue, and its relevance must outweigh the prejudice inherent in proving that an accused has committed other crimes." Wilson v. Commonwealth, 16 Va. App. 213, 220, 429 S.E.2d 229, 234, aff'd on reh'g en banc, 17 Va. App. 248, 436 S.E.2d 193 (1993) (citation omitted).  "'[T]he responsibility for balancing . . . probative value and prejudice rests in the sound discretion of the trial court,' and its decision 'will not be disturbed on appeal in the absence of a clear abuse.'" Wilkins v. Commonwealth, 18 Va. App. 293, 298, 443 S.E.2d 440, 443 (1994) (en banc) (quoting Ferrell v. Commonwealth, 11 Va. App. 380, 390, 399 S.E.2d 614, 620 (1990)).

The Commonwealth argues that Payne's statement regarding his prior drug use was admissible because it was relevant to prove that Payne had knowledge of the nature and character of the

- 4 -

substance he distributed, which was an element of the offense the Commonwealth was required to prove.  We disagree.

The Supreme Court has addressed the relevance and admissibility of prior drug-related conduct to prove an element of the charged offense.  See Boyd v. Commonwealth, 213 Va. 52, 53, 189 S.E.2d 359, 359-60 (1972) (per curiam); Eccles v. Commonwealth, 214 Va. 20, 22, 197 S.E.2d 332, 333 (1973) (per curiam); Donahue v. Commonwealth, 225 Va. 145, 154-55, 300 S.E.2d 768, 773-74 (1983).

In Boyd, the defendant was charged with possession and distribution of heroin after he sold two capsules of heroin to an undercover police officer.  At trial, the officer was permitted to testify that a few days before the charged offense he observed Boyd making two similar drug sales.  The trial court instructed the jury that the evidence of the prior offenses may not be considered as evidence of the defendant's guilt of the charged offense, but it may be considered as evidence "of whether the prior offenses constituted part of a general scheme, of which the crime charged is a part."  The Supreme Court reversed the defendant's conviction, holding that the evidence of the prior sales was unrelated to the charged offense and the evidence of the prior sales did not fall within an exception to the general rule excluding prior crimes evidence.  The Court concluded that because the evidence that Boyd had committed other crimes was not

relevant, the prejudicial effect of the evidence outweighed its probative value.

In Eccles, the defendant was charged with selling marijuana. The trial court admitted evidence of the defendant's having been seen smoking marijuana on prior occasions in order to prove that he was familiar with marijuana and knew "what the contents of these bags might be or what the expedition was about." The Supreme Court, relying on Boyd, held that evidence of the defendant's prior drug use was inadmissible to prove the defendant knew that the substance he possessed was marijuana. The fact that Eccles had previously used marijuana and had knowledge of the nature and character of marijuana was unrelated to the charged offense and did not tend to prove that Eccles knew that the substance in the bag was marijuana or that a sale of marijuana was being made. The Court reversed the defendant's conviction and remanded, stating "[s]ince we have no way of knowing the effect of the court's admission of testimony as to defendant's prior criminal acts of smoking marijuana had upon the minds of the jury, we cannot say that the error was not prejudicial." Eccles, 214 Va. at 22-23, 197 S.E.2d at 333.

Similarly, in Donahue the defendant was charged with possession with intent to distribute PCP after police officers executed a search warrant at the residence she occupied with her "husband" and found PCP in the residence. At trial, the court

admitted evidence that on a prior occasion PCP had been seized from her when she was arrested along with others who were seen handling PCP in an automobile. The trial judge also admitted evidence that when she was arrested for the prior possession of PCP, she confessed to selling it. The court admitted evidence of the prior possession to prove that she was aware of the presence and nature of the PCP seized from her residence and knowingly possessed it with the intent to distribute. In reversing the conviction for erroneously admitting the other crimes evidence, the Supreme Court held that the evidence of prior possession of PCP was unrelated to the charged crime and did not tend to prove that Donahue possessed PCP with the intent to distribute. See Donahue, 225 Va. at 156, 300 S.E.2d at 774.

This case is controlled by the Supreme Court's decisions in Boyd, Eccles, and Donahue. Evidence of the defendant's prior drug use was not probative of whether he distributed cocaine to Johnson on the occasion observed by Officer Best. The evidence in no way substantiates the events observed by Officer Best. It has no tendency to prove that Payne made the distribution. Proof that Payne admitted using cocaine on prior recent occasions proves only that he has a propensity to use cocaine and as such the evidence is highly prejudicial, particularly when compared to any minimal incidental value the evidence has in establishing that Payne may be familiar with the nature of a particular drug. The evidence

that Payne had a propensity to use and possess cocaine is highly prejudicial in that it strongly suggests to the jury that Payne probably committed the charged offense.

We reject the Commonwealth's argument that because the prosecution is required to prove that a defendant knows the nature and character of the substance he possessed, the Commonwealth is entitled to prove knowledge by showing prior use and familiarity with the same drug.  If the Commonwealth were allowed to prove, as an exception to the general rule prohibiting other crimes evidence, that an accused knew the nature and character of the substance he is charged with possessing because he possessed the same substance on a prior occasion, the exception would swallow the rule in drug cases and evidence of possession of the same drug on other occasions would be admissible in every case.  See Cooper v. Commonwealth, 31 Va. App. 643, 648-49, 525 S.E.2d 72, 74-75 (2000) (en banc) (holding that evidence that defendant had sold imitation crack cocaine two months before the charged offense was "a separate act without logical or natural connection with [defendant's] present charge of possession of imitation cocaine with intent to distribute" and, thus, inadmissible).

Our Supreme Court expressly rejected a similar claim advanced by the Commonwealth in Donahue in which the Commonwealth relied upon the Fourth Circuit case of United States v. Samuel, 431 F.2d 610 (4th Cir. 1970).  The Donahue decision rejected the holding in

- 8 -

<u>Samuel</u> that evidence of an accused's prior offense to prove that he had knowledge of the character and presence of a specific drug was admissible in the prosecution's case-in-chief to prove "lack of innocent action" by the defendant.  By rejecting <u>Samuel</u>, our Supreme Court has said that the Commonwealth may not prove in chief that an accused has knowledge of the nature and character of the drug possessed to refute a claim or defense of "innocent action," which is essentially the claim advanced by Payne.

For the foregoing reasons, we hold that the trial court erred by admitting the evidence that Payne used cocaine the night before and three times during the month of October.  We cannot conclude, without usurping the role of the fact finder, that the trial court's error in admitting the evidence was harmless.  <u>See</u> <u>Lavinder v. Commonwealth</u>, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (<u>en</u> <u>banc</u>).

Accordingly, we reverse the conviction and remand the case to the trial court for such further proceedings as the Commonwealth may elect.

<u>Reversed and remanded.</u>