COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Coleman
Argued at Richmond, Virginia


JAQUANE ANTRE HINES

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 2557-00-2              JUDGE ROSEMARIE ANNUNZIATA
                                              FEBRUARY 26, 2002
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF POWHATAN COUNTY
                      Thomas V. Warren, Judge

              (William R. Blandford, Jr.; Blandford,
              Carrico & Newlon, P.C., on brief), for
              appellant.  Appellant submitting on brief.

              Jennifer R. Franklin, Assistant Attorney
              General (Randolph A. Beales, Attorney
              General, on brief), for appellee.


     Jaquane Antre Hines was convicted by a jury for unlawfully

and feloniously entering or attempting to enter a vending

machine, in violation of Code § 18.2-153, and petit larceny of

the coins, in violation of Code § 18.2-96.  Hines claims on

appeal that the evidence is insufficient to sustain his

convictions beyond a reasonable doubt.  For the reasons that

follow, we affirm.

     We state the evidence and reasonable inferences that may be

drawn in the light most favorable to the party prevailing below,

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

the Commonwealth.  Cooper v. Commonwealth, 31 Va. App. 643, 646, 525 S.E.2d 72, 73 (2000).  At approximately 3:33 a.m. on January 21, 2000, Deputy Randy Reynolds of the Powhatan Sheriff's Department noticed a "grey older model Volvo" parked near the vending machines at the Academy Road Exxon station during his patrol.  He also noticed a black, heavy-set male with bushy hair returning to the car from the vending machines.  Reynolds circled his car back to the Exxon, but the Volvo was already on the road by the time Reynolds returned to the scene.

Reynolds followed the Volvo to obtain the license plate number and identify its owner.  He found the owner to be appellant's mother, Phyllis Hines.  Towanda Williams, Hines' witness, testified that Hines had had possession of his mother's car for the past month.

Reynolds then went back to the Exxon station.  He discovered that the soda machine on the right sustained damage and that the money box had been removed.  He also discovered two locks in the trash.  When Reynolds had purchased a soda for himself from one of the machines an hour earlier, before he noticed the Volvo, he had seen no damage to either of the soda machines.  Accordingly, Reynolds issued a "Be On the Lookout," or BOL, for the Hines' Volvo.

Later that morning, the owner of Academy Road Exxon arrived to open the gas station for business and discovered the thefts. He noticed that both drink machines had been broken into and

-

that the coin boxes had been removed. They had contained money from a few days of business. The locks had been broken off from the T-type handle and the plates that cover the handle. He testified that if the machines had been broken into on an earlier occasion, he would have noticed because the money placed into it to purchase the drinks would have fallen out.

The Volvo was spotted later that day in southside Richmond. Upon investigation, Powhatan Deputy John Mattox noted that it was grey and carried North Carolina tags. When the car was being driven from its Richmond location, Mattox made a traffic stop and found Hines, a passenger in the car, and Williams, his girlfriend, driving it. Two crowbars, a pair of channel lock pliers, a coin box, three locks and a Christmas present bag filled with nickels, dimes, and quarters, totaling approximately $500 were found in the vehicle. The station owner was able to identify two of the three locks found in Hines' car as similar to those that were on his vending machines. He also identified a coin box found in Hines' car as the same type used in his machines.

In cases where the sufficiency of the evidence is challenged on appeal, "[w]e view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible from the evidence." Cooper, 31 Va. App. at 646, 525 S.E.2d at 73. The appellate court must "discard the evidence of the accused in conflict with that of

-

the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn" from the credible evidence.  Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998).  Accordingly, we will not disturb the decision of the trial court unless it is plainly wrong or without evidentiary support.  McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc).  "If there is evidence to support the conviction," this Court will not substitute its judgment for that of the trier of fact, even were our opinion to differ. Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998).

Hines claims that the trial court erred by "fail[ing] to give due weight to the testimony of the Appellant and his witnesses that someone else may have come to Powhatan during the early hours of January 21, 2000 . . . ."[1]  We disagree.

The credibility of the witnesses and the weight of the evidence are matters to be determined solely by the trier of fact.  Swanson v. Commonwealth, 8 Va. App. 376, 378-79, 382

---

[1] Hines testified that the tools found in the Volvo "came with the car" and were used to fix the other car they had. Hines and Williams, his witness, both stated that the coin box was found at a car wash in Midlothian and that Williams was going to use it as a makeshift mailbox.  The coins, they explained, were those they had saved, after they sorted out the pennies, and which they were taking to Ukrops to exchange for bills.  Neither Hines nor the codefendant could explain why the Volvo was seen in Powhatan the night someone broke into the vending machines.

S.E.2d 258, 259 (1989).  Hence, the trier of fact is not required to believe all aspects of a witness' statement or testimony.  Rather, it may reject that which it finds implausible, and accept other parts that it finds believable. Durham v. Commonwealth, 214 Va. 166, 169, 198 S.E.2d 603, 606 (1973).  Furthermore, a defendant's exculpatory account may be treated, by inference, as an attempt to conceal guilt.  See Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).  In this case, the trier of fact did not credit the testimony of the appellant and his witnesses, and based its determination of guilt on the circumstantial evidence presented. See Feigley v. Commonwealth, 16 Va. App. 717, 724, 432 S.E.2d 520, 525 (1993) ("The fact finder resolves all conflicts in the evidence.").

Hines also claims that the evidence presented by the Commonwealth requires conjecture and suspicion to conclude that Hines was the same individual observed by Deputy Reynolds at the Exxon.  However, we find that the circumstantial evidence in this case amply supports the jury's finding that Hines was the criminal agent beyond a reasonable doubt.  See McNair v. Commonwealth, 31 Va. App. 76, 86, 521 S.E.2d 303, 308 (1999) ("Circumstantial evidence is sufficient to prove guilt beyond a reasonable doubt so long as 'all necessary circumstances proved . . . exclude every reasonable hypothesis of innocence.'" (quoting Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d

-

390, 393 (1984))). The evidence at trial proved that the car driven by Hines was at the Exxon station at the time the crime was committed. The car contained locks similar to those used by the owner of the machines, a coin box similar to the ones used for the machines, a pair of channel lock pliers, two crowbars, and $500 in coins, without pennies. Furthermore, the jury discredited the story of Hines and his girlfriend that they were at home all night with a close friend. See Durham, 214 Va. at 169, 198 S.E.2d at 606. Thus, the jury had sufficient evidence to find Hines guilty of the two charges beyond a reasonable doubt. Accordingly, we affirm his convictions.

Affirmed.

-